Larry Edwin SCHAFFER, Appellant,

v.

The STATE of Texas, Appellee.

No. 57574.

Court of Criminal Appeals of Texas, Panel No. 1.

May 23, 1979.

On Rehearing July 18, 1979.

---

Jack W. Beech, Fort Worth, for appellant.

Charles F. Campbell, Jr., Dist. Atty., Hillsboro, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and CLINTON, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for attempted aggravated sexual abuse of a child, where the punishment was assessed by the court at fifty (50) years following a guilty verdict and in light of the allegation and proof of a prior felony conviction.

The sufficiency of the evidence is not challenged except as to a question of venue which is without merit, but we are confronted at the outset with appellant's contention that the trial court erred in allowing him to stand trial without a judicial determination that he was competent to stand trial after he had earlier been found incompetent to stand trial by a jury and subsequently committed to Rusk State Hospital.

The record reflects that appellant was originally indicted for the primary offense on April 22, 1976 in Cause No. 26,628 and was later found by the verdict of a jury to be incompetent to stand trial. On May 28, 1976, the trial court ordered the appellant confined in the Rusk State Hospital. On February 1, 1977, Dr. Robert B. Sheldon, Superintendent of said hospital, apparently certified in a letter and final report to the trial court that appellant was then mentally competent to stand trial. No action appears to have been taken on such certification or notification. On March 31, 1977, however, the appellant was reindicted for the same primary offense with an allegation of a prior felony conviction for the enhancement of punishment in Cause No. 26,752. On April 1, 1976 the original indictment in Cause No. 26,628 was dismissed. On April 28, 1977, a trial was had upon the second indictment which resulted in a mistrial. The case was again set for May 16, 1977, at which time the trial resulted in the present conviction from which this appeal is taken.

Appellant argues that the notification by the superintendent of a state hospital that a person is competent to stand trial is not a judicial determination. He contends that once a jury determines that a defendant is incompetent to stand trial and the defendant is committed to a state hospital that there should be a judicial determination that he is competent before being forced to trial even though there may be a certification of competency from the superintendent of the state hospital where he may have been confined. He urges that there should be some form of judicial restoration before the trial on the merits.

Article 46.02, V.A.C.C.P., deals with the procedure used when the issue of competency to stand trial is raised. § 5 thereof (Acts

1975, 64th Leg., ch. 415, p. 1095) in effect at the time of appellant's certification[1] and subsequent trial on the second indictment reads in part as follows:

"Sec. 5. (a) When a defendant has been determined incompetent to stand trial, and unless it is determined there is no substantial probability that the defendant will attain competency to stand trial in the foreseeable future, the court shall enter an order committing the defendant to the maximum security unit of Rusk State Hospital, to the maximum security unit of any other facility designated by the Texas Department of Mental Health and Mental Retardation, to an agency of the United States operating a mental hospital, or to a Veterans Administration hospital for a period not to exceed 12 months and placing him in the custody of the sheriff for transportation to the facility to be confined therein for further examination and treatment toward the specific objective of attaining competency to stand trial. A transcript of all medical testimony received by the jury shall be forthwith prepared by the court reporter and shall accompany the patient to the facility.

"(b) No person shall be committed to a mental health or mental retardation facility under this section except on competent medical or psychiatric testimony.

"(c) * * *

"(d) * * *

"(e) The head of a facility to which a person has been committed pursuant to Subsection (a) of this section shall promptly notify the committing court:

"(1) when he is of the opinion that the defendant has attained competency to stand trial; or

"(2) when he is of the opinion that there is no substantial probability that the defendant will attain the competency to stand trial in the foreseeable future; or

"(3) 14 days prior to the expiration of 12 months following the date of the commitment order.

"(f) On notification to the committing court under Subsection (e) of this section, the sheriff of the county in which the committing court is located shall forthwith transport the defendant to the committing court.

"(g) When the head of a facility to which the defendant is committed discharges the defendant and the defendant is returned to court, a final report shall be filed with the court documenting the applicable reason therefor under Subsection (e) of this section, and the court shall furnish copies to the defense counsel and the prosecuting attorney. If the defendant has no counsel and the court determines that the defendant is indigent, the court shall appoint counsel to represent him. When the report is filed with the court, the court is authorized to make a determination based solely on the report with regard to the defendant's competency to stand trial, unless the prosecuting attorney or the defense counsel objects in writing or in open court to the findings of the report within 15 days from the time the report is served on the parties. In the event of objection, the issue shall be set for a hearing before the court or, on motion by the defendant, his counsel, the prosecuting attorney, or the court, the hearing shall be held before a jury. The hearing shall be held within 30 days following the date of objection unless continued for good cause.

"(h) If the defendant is found competent to stand trial, criminal proceedings against him may be resumed. If the defendant is found incompetent to stand trial, the court shall proceed under Section 6 of this article or shall release the defendant. No defendant who has been committed to a facility under Subsection (a) of this section may be recommitted to a facility under that subsection in connection with the same offense.

"(i) If the charges pending against a defendant are dismissed, the committing court shall send a copy of the order of dismissal to the head of the facility in

---

1. Now see Article 46.02, § 5 (Acts 1977, 65th Leg., p. 1458, ch. 596, effective Sept. 1, 1977).

which the defendant is held and the defendant shall then be discharged."

The statute is clear as to the procedure to be used. When a defendant is returned to the committing court after notification by the head of the facility where he has been confined, a final report shall be filed with the court by the head of the facility documenting the applicable reason for such action under Subsection (e), supra. Copies of such report must be furnished to the defense counsel and the prosecuting attorney. When the report is filed, the trial court is authorized to make a finding of a defendant's competency to stand trial based solely on the report unless the parties object in writing or in open court to the findings of the report within fifteen days from the time the report is served on the parties. If there is an objection, the issue is set for a hearing before the court unless on motion by either party or the court the hearing shall be heard before a jury.

After an examination of the appellate record, we have found a copy of the notification and final report of Dr. Sheldon, Superintendent of Rusk State Hospital, dated February 1, 1977, but bearing no file mark to show if or when it was filed with the court. We find nothing in the record to show that copies of the report were furnished the defense counsel or the prosecuting attorney, and further, we find nothing in either cause number to reflect that the court made a determination that the appellant was competent to stand trial either based solely on the report or after a hearing, nor is there any evidence of a hearing before a jury on the issue.

The general rule would seem to be that a person is presumed competent to stand trial until he is found incompetent to stand trial, and once found to be so incompetent, he is presumed to be incompetent to stand trial until such time as it has been determined in accordance with the law that he is competent to stand trial. Cf. *Hefley v. State*, 480 S.W.2d 810, 814 (Tex.Civ.App.1972).

Appellant argues that the procedure prescribed by law was not followed and a finding by a doctor or psychiatrist does not constitute a judicial determination as required by statute. Cf. *Nichols v. State*, 501 S.W.2d 333 (Tex.Cr.App.1973).

The State argues that the trial court need not have entered a judgment finding the appellant competent to stand trial after receiving the final report of the Superintendent of the Rusk State Hospital but could make a determination of competency based solely on the final report, and that when the appellant did not object to the findings of the report within fifteen days he waived any such objection.

Our problem is the condition of the record before this court. The final report is in the appellate record but without a file mark to show that it was filed with the court as required by statute, there is nothing to reflect copies of the report were ever furnished or served on the parties and the fifteen days in which to object begins to run from the time of the service of the copies. There is no judgment, no order, no docket sheet entry or other evidence that the court ever made a determination of competency after the appellant's return from the state hospital.

It seems passingly strange this issue was not raised until the time of appeal, but in disposing of appellant's ground of error, we are bound by the appellate record.

Since there was no judicial determination of appellant's competency to stand trial prior to the trial on the merits after he had earlier been found incompetent to stand trial by a verdict of a jury, the judgment is reversed and the cause remanded.

Before the court en banc.

## OPINION ON STATE'S MOTION FOR REHEARING

PHILLIPS, Judge.

On original submission we reversed appellant's conviction for attempted aggravated sexual abuse of a child on the ground that there was no judicial determination of appellant's competency to stand trial prior to the trial on the merits in accordance with Article 46.02, Section 5(g) (Acts 1975, 64th

Leg., ch. 415, p. 1095) in effect at the time of trial. As we stated in our original opinion:

> Our problem is the condition of the record before this court. The final report is in the appellate record but without a file mark to show that it was filed with the court as required by statute, there is nothing to reflect copies of the report were ever furnished or served on the parties and the fifteen days in which to object begins to run from the time of the service of the copies. There is no judgment, no order, no docket sheet entry or other evidence that the court ever made a determination of competency after the appellant's return from the state hospital.

The State, in its motion for rehearing, has supplied a supplemental transcript to this Court which shows that the final report of Dr. Robert Sheldon, Superintendent of Rusk State Hospital, dated February 1, 1977, was in fact in the file of the papers of this cause and did have a file mark placed upon it and was filed with the court as required by statute. The supplemental transcript further reflects that pursuant to Article 46.02, Section 5(g), supra, a copy of the report was furnished defense counsel by the trial court and that evidence of this was filed in the papers of this cause and was erroneously omitted in the original transcript.

However, the supplemental transcript has still failed to show us any judgment, order, docket sheet entry, or other evidence that the court ever made a determination of competency after the appellant's return from the State hospital. The State argues that because the trial court is authorized to determine appellant's competency based solely on the report filed by Dr. Sheldon, the court "obviously did make a determination that the appellant was competent to stand trial." What may be obvious to the State is lacking in the record.

This appeal is therefore abated so that the trial court may make a judicial determination pursuant to Article 46.02, supra, regarding appellant's competency to stand trial *in the record* of this cause.

ODOM, J., concurs in the result.