NUMBER
13-03-027-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG



FERNANDO CARRILLO,                                                                  Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.



 

                             On appeal from the 148th
District Court

                                        of
Nueces County, Texas.

 



 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Rodriguez and Garza

 

      Opinion by Chief
Justice Valdez

 

 

 








 This is an
appeal of a conviction for murder and two counts of aggravated assault by
appellant, Fernando Carrillo.  In two
issues, appellant asserts the trial court erred (1) in proceeding to trial
without first making a judicial determination appellant was competent to stand
trial, and (2) in finding appellant was sufficiently competent to waive his right
to trial.  We abate and remand.  

I.  FACTUAL
AND PROCEDURAL BACKGROUND

After appellant was indicted on murder and
aggravated assault charges, the trial court granted appellant=s motion for a psychiatric examination.  The court appointed Carlos Estrada, M.D., who
found appellant suffered a disorder involving paranoia, delusions and grandiose
self ideals.  Based on Dr. Estrada=s testimony, a jury found appellant was incompetent to
stand trial on February 14, 2002, but also found that there was a substantial
probability he would attain competency within the foreseeable future.  Appellant was accordingly ordered to obtain
treatment at North Texas State Hospital=s Vernon Campus. 
On May 10, 2002, Joseph Black, M.D., sent a report to the 148th District
Court of Nueces County, in which he stated that appellant had become competent
and could now assist an attorney with his case. 
This report was signed by the chief psychiatrist for the facility.

The judge hearing appellant=s case recused herself on October 1, 2002, due to a
conflict of interest, and a new judge was appointed in her place.  The newly appointed trial judge first held a
hearing for appellant on October 11, 2002.  
During this hearing, appellant requested the right to represent
himself.  The trial judge allowed him to
do so, but also appointed Astandby@ counsel to issue legal advice to appellant and to
take over the defense should appellant=s trial methods become unsound.  Following trial, appellant was convicted on
all counts.

II.  ANALYSIS








In his first issue, appellant asserts that the trial
court erred in proceeding to trial without first making a judicial
determination that appellant was competent to stand trial, and that appellant
had fifteen days to object after this determination.

Former article 46.02 of the Texas Code of Criminal
Procedure governs this case since it was effective at the time of appellant=s criminal acts. 
Act of May 29, 1975, 64th Leg., R.S., ch. 415, 1975 Tex. Gen. Laws
1095-96 (henceforth Aformer Tex.
Code Crim. Proc. Ann. art. 46.02"), repealed by Act of May
2, 2003, 78th Leg., R.S., ch. 35, ' 15, 2003 Tex. Gen Laws 57, 72 (current version at Tex. Code Crim. Proc. Ann. 46B (Vernon
Supp. 2004)).

The former statute set forth explicit instructions
on how an incompetency hearing must be initiated and the procedure which
follows.  Id.; Schaffer v. State,
583 S.W.2d 627, 630 (Tex. Crim. App. 1979). Once a person is judicially
declared incompetent under the former statute, this declaration remains
standing until the court makes a separate judicial determination that they are
once again competent.  Schaffer,
583 S.W.2d at 630.  The person is
ordered to obtain treatment at a designated facility for a period not to exceed
eighteen months or until the head of the facility medically determines the
person is competent to stand trial.  See
former Tex. Code Crim. Proc. Ann.
art. 46.02, _ 5(a).  If the head of the facility determines the
person to be competent, he must notify the court via an affidavit setting forth
the reasoning behind the medical determination. 
Id. at art. 46.02, _ 5(f).  After such notification, the person shall be
transferred back into the committing court=s custody
within fourteen days, upon the expiration of which, if he is not so
transferred, the head of the facility shall automatically transfer the person
into the county sheriff=s custody
without a judicial recall of the person from the facility.  See id. at art. 46.02, _ 5(g).








In making a
judicial determination of competency, the court is allowed to rely solely upon
the report issued by the head of the facility. 
See id. at art. 46.02, _ 5(i).  However, the parties are entitled to make an
objection Ain writing or
in open court to the findings of the report within fifteen days from the time
the report is served on the parties.@  Id. 
The court will set a hearing if an objection is made, and upon a motion
from any party or the court itself, the hearing will be before a jury.  Id.

Appellant
contends that the record contains no evidence that a judicial determination was
made declaring appellant competent after the chief psychiatrist filed the
medical report with the trial judge. 
Appellant fails to note that during the second day of the trial, the
recused judge was called by appellant as a witness.  The court questioned the original trial judge
about the proceedings before her recusal, asking if a judicial or
administrative determination of competence was made.   She answered that appellant was competent to
stand trial.

Further,
appellant questioned the recused judge about the medical report declaring him
competent.  The recused judge replied
that after she had received the report, she ordered appellant recalled to jail
to stand trial.  In conjunction, these
statements establish that the original trial judge made a judicial
determination of competence based on the medical report, as was her prerogative
according to law.  Id.








However, the
competency report must be furnished to or served on the parties, and the former
statute allows for a fifteen day period following service of the report during
which an objection in open court or in writing may be made.  See former Tex. Code Crim. Proc. Ann. art. 46.02, _ 5(i); Schaffer
at 630.  This Court finds nothing in
the record or trial transcripts that shows the report was furnished or served
to the appellant in any fashion. 
Although the medical report declaring appellant competent is contained
in the transcript, it was not file stamped. 
See Schaffer at 630.   Nor
did any other evidence exist to show that the parties received and had an
opportunity to object to this judicial finding as required by law.  See former Tex. Code Crim. Proc. Ann. art. 46.02, _ 5(i); Schaffer
at 630.

As such, this
appeal must be abated and the case remanded to the trial court to determine if
the parties were furnished or served a copy of Dr. Black=s medical
report from  North Texas State Hospital,
and if appellant=s attorney was afforded the proper
fifteen days to object to those findings. See Schaffer at 630. 

III.  Conclusion

This appeal is
abated and remanded so the trial court may make the above determination, after
which the trial judge is directed to file findings of fact and conclusions of
law with this Court.  Upon receipt of the
trial court=s determination, we will re-instate the
case and decide appellant=s remaining
issues on appeal.        

 

 

 

 

                                           

Rogelio Valdez,

Chief Justice

 

Do not publish.

Tex. R. App. P.
47.2(b).

 

Memorandum
Opinion delivered and filed

this 28th
day of July, 2005.