# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00659-CR

**Quentin Paul Freeman, Sr., Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT
## NO. 11,081, HONORABLE TERRY L. FLENNIKEN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Quentin Paul Freeman, Sr., appeals his conviction for arson of a habitation, a first-degree felony. *See* Tex. Penal Code Ann. §§ 28.02(a)(2), (d)(2) (West Supp. 2007). In three issues, Freeman complains that he was put to trial after having been found incompetent, violating his due process rights; that the trial court's sua sponte substitution of his counsel without good cause violated his right to counsel; and that he received ineffective assistance of counsel.

The State responds that, due to a clerical error, copies of three documents relating to Freeman's competency were not filed with the trial court in this case, having been accidentally filed in duplicate in another pending case against Freeman, cause number 11,005. These documents include the official report issued by Dr. Joseph Black of Vernon's State Hospital giving notice that Freeman had received treatment and was now competent to stand trial; a psychological evaluation from the hospital's chief psychologist, Dr. B. Thomas Gray, indicating that Freeman had engaged

in "feigning and exaggeration" in order to appear incompetent to stand trial; and the follow-up report of the court-appointed psychiatrist, Dr. Susan Stone, who had originally found Freeman incompetent but now determined that he was competent to stand trial. In light of the evidence of Freeman's competency, the State argues that, while there is no record of the trial court's finding that Freeman had regained competency, the proper procedure is to abate Freeman's appeal to allow the trial court to make the necessary finding on the record. *See Schaffer v. State*, 583 S.W.2d 627, 630 (Tex. Crim. App. [Panel Op.] 1979) (op. on reh'g); *Bradford v. State*, 172 S.W.3d 1, 6 (Tex. App.—Fort Worth 2005, no pet.). *See also Johnson v. State*, Nos. 2-05-205-CR, 2-05-206-CR, 2006 Tex. App. LEXIS 8020, at *21 (Tex. App.—Fort Worth June 22, 2006, no writ) (not designated for publication).

Letters from a psychiatrist or psychiatric evaluations containing recitations of competency are evidentiary only; they cannot operate as a substitute for a judicial determination of a defendant's competency to stand trial. *Bell v. State*, 814 S.W.2d 229, 232 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd). Instead, the record must contain a judgment, order, docket entry, or other evidence that the trial court actually made a determination of competency. *Schaffer*, 583 S.W.2d at 631. As the State concedes, the record in this case contains no such determination.

The appeal is abated and the cause remanded to the trial court for a judicial determination regarding Freeman's competency at the time of his trial. *See id.* at 630; *Fuller v. State*, 11 S.W.3d 393, 395 (Tex. App.—Texarkana 2000, order), *disp. on merits*, 30 S.W.3d 441 (Tex. App.—Texarkana 2000, pet. ref'd). A supplemental record containing these findings shall be tendered to the Clerk of this Court for filing no later than forty-five days following the date of this

opinion. If the parties thereafter choose to supplement their briefing, appellant Freeman will have thirty days to file a supplemental brief raising any points of error challenging the trial court's findings, and the State will have the same amount of time to file a responsive brief.


_____

Diane Henson, Justice

Before Justices Patterson, Puryear and Henson

Abated

Filed:  March 5, 2008