# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00570-CR

**Donald Dean Gower, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT
### NO. 8126, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Donald Gower appeals from his capital-murder conviction. Gower's court-appointed counsel filed a brief in which she states that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Our review of the record, however, discloses an error that is not frivolous.

On January 16, 2008, the trial court issued an order finding Gower incompetent and ordering him committed to a mental health facility for restoration of competency. *See* Tex. Code Crim. Proc. Ann. art. 46B.073 (West Supp. 2009). On February 25, 2008, the mental health facility submitted a report to the trial court, opining that Gower had attained competency to stand trial and requesting that he be returned to court. *See id.* art. 46B.079 (West Supp. 2009). Gower's case proceeded to trial, and he was ultimately convicted and sentenced to life imprisonment. The trial court's record does not, however, contain any judicial finding of competency. Such a finding is

required by statute. *See id.* art. 46B.084(a) (West Supp. 2009) ("On the return of a defendant to the court, the court shall make a determination with regard to the defendant's competency to stand trial."); *see also Schaffer v. State*, 583 S.W.2d 627, 631 (Tex. Crim. App. 1979) (op. on reh'g) (abating appeal for judicial determination of competency at time of trial).

Because an *Anders* brief has been filed, we may not address the merits of any arguable ground for appeal until the issue has been briefed by new counsel. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). Accordingly, this appeal is abated. The trial court is instructed to appoint substitute counsel to file a brief addressing whether the trial court erred in proceeding to trial without first making a judicial finding of competency, along with any other issue that counsel deems meritorious. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Present counsel's motion to withdraw is granted. *See id.* A copy of the order appointing substitute counsel shall be forwarded to this Court no later than April 19, 2010. Substitute counsel's brief will be due thirty days after the date of appointment.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Abated

Filed: March 24, 2010

Do Not Publish

2