TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-08-00570-CR





Donald Dean Gower, Appellant

v.

The State of Texas, Appellee




FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT
NO. 8126, HONORABLE JOE CARROLL, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N


                        A jury convicted Donald Dean Gower of capital murder, see Tex. Penal Code Ann.
§ 19.03 (West 2010), and assessed punishment at life imprisonment without parole. In Gower’s
sole issue on appeal, he argues that the trial court erred in failing to hold a pre-trial hearing to
determine whether he had regained competency after having been deemed incompetent. Because
the record contains a judicial determination that Gower regained competency, we affirm the trial
court’s judgment.
BACKGROUND
                        The record shows that Gower was indicted in October 2007 for the murder of his
wife, Hidi Gower (“Hidi”). Specifically, the indictment alleged that Gower had caused the death of
Hidi by paying or promising to pay remuneration to a man named Chaka Johnson in exchange for
Johnson shooting and killing Hidi.


 In December 2007, Gower filed a motion for a competency
examination. The trial court granted the motion and appointed Dr. Charles Pierce to conduct a
psychological evaluation of Gower. Based on Dr. Pierce’s evaluation, the trial court found Gower
incompetent to stand trial and ordered him committed to a state hospital for up to 120 days. The case
proceeded to trial in August 2008. At the close of trial, the jury found Gower guilty of capital
murder and assessed punishment at life imprisonment. 
                        Gower appealed from his conviction, but on April 14, 2009, his counsel filed a brief
in this Court in which she stated that the appeal was frivolous. See Anders v. California, 386 U.S.
738 (1967). After a review of the record, we determined that there was an issue that was not
frivolous. Specifically, we found nothing in the record to indicate that Gower had been reassessed
regarding his competency, and we found that the trial court had not made a judicial determination
of competency before proceeding to trial as required by statute. We therefore abated the appeal and
instructed the trial court to appoint substitute counsel to file a brief addressing whether the trial court
erred in proceeding to trial without first making a judicial determination of competency. On
March 12, 2010, the State filed a supplemental clerk’s record containing a letter addressed to the trial
court from Dr. Joseph L. Black, the superintendent of the state hospital where Gower had resided. 
The letter, which was dated February 25, 2008 (months before trial began), notified the trial court
that Gower had been evaluated and deemed competent to stand trial.


 In addition to the supplemental
clerk’s record, Gower and the State each filed briefs addressing the competency issue. In the State’s
brief, the State relied on the following statement in the trial court’s judgment: “[i]t appeared to the
Court that [Gower] was mentally competent [at the start of trial].” Given the hospital report that was
sent to the trial court months before trial began, the State argued that the recitation in the judgment
served as a retrospective determination of competency. We address the issue below. 

DISCUSSION
                        The conviction of an accused person while he is legally incompetent violates due
process. See McDaniel v. State, 98 S.W.3d 704, 709 (Tex. Crim. App. 2003). A criminal defendant
is presumed competent to stand trial. Tex. Code Crim. Proc. Ann. art. 46B.003(b) (West 2007);
Schaffer v. State, 583 S.W.2d 627, 630 (Tex. Crim. App. 1979). Once a defendant is found to be
incompetent, however, he is presumed to be incompetent until it has been lawfully determined that
he is competent to stand trial. Schaffer, 583 S.W.2d at 630. When the head of a hospital to which
a defendant has been committed notifies the committing court that the defendant has attained
competency to stand trial, the trial court must make a determination regarding the defendant’s
competency and may do so based solely on the hospital report. Tex. Code Crim. Proc. Ann. arts.
46B.079, 46B.084(a) (West 2010). If the defendant is found competent to stand trial, criminal
proceedings against the defendant may be resumed. Id. art. 46B.084(d). 
                        A judicial determination of competency prior to resuming criminal proceedings may
be evidenced in a judgment, order, docket-sheet entry, or any other evidence that the court made a
determination of competency after the defendant’s return from a state hospital. See Schaffer v. State,
583 S.W.2d 627, 631 (Tex. Crim. App. 1979) (op. on reh’g); Bradford v. State, 172 S.W.3d 1, 5
(Tex. App.—Fort Worth 2005, no pet.). When the trial court does not make this determination prior
to trial, a retrospective determination is required. See Schaffer, 583 S.W.2d at 631 (op. on reh’g);
Bradford, 172 S.W.3d at 6. 
                        Here, as the State points out in its brief, the trial court made a retrospective
determination of competency by reciting in the judgment that Gower had regained competency
before trial. The specific language used by the trial court in the judgment described the trial
proceedings chronologically, beginning with the court’s determination of competency: 
 
It appeared to the Court that [Gower] was mentally competent and had pleaded as
shown above to the charging instrument. Both parties announced ready for trial. A
jury was selected, impaneled, and sworn. The indictment was read to the jury, and
[Gower] entered a plea to the charged offense. The Court received the plea and
entered it of record.


                        The language in the trial court’s judgment indicates that the trial court properly made
a determination of competency after defendant’s return from the state hospital and before the trial
court proceeded with trial.


 Further, the trial court’s determination is supported by the letter from
the state-hospital superintendent deeming Gower competent to stand trial. Accordingly, we overrule
Gower’s sole issue.


 See Schaffer, 583 S.W.2d at 631 (op. on reh’g); Booker v. State, Nos. 05-06-01184-CR, 05-06-01185-CR, 2007 Tex. App. LEXIS 8728, *4 (Tex. App.—Dallas Nov. 2, 2007,
no pet.) (mem. op., not designated for publication) (affirming trial-court judgment because trial court
made retrospective determination of competency by noting “competency restored” in docket sheets);
see also Bell v. State, 814 S.W.2d 229, 233 (Tex. App.—Houston [1st Dist.] 1991, pet. ref’d) (two
previous convictions could be used as enhancements in punishment because corresponding
judgments contained recitation of “competent”). 

 
 
CONCLUSION
                        Having overruled Gower’s sole issue on appeal, we affirm the trial court’s judgment.
 
 
                                                                        __________________________________________
                                                                        Diane M. Henson, Justice 
Before Chief Justice Jones, Justices Patterson and Henson 
Affirmed 
Filed: November 5, 2010
Do Not Publish