# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00570-CR

**Donald Dean Gower, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT NO. 8126, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted Donald Dean Gower of capital murder, *see* Tex. Penal Code Ann. § 19.03 (West 2010), and assessed punishment at life imprisonment without parole. In Gower's sole issue on appeal, he argues that the trial court erred in failing to hold a pre-trial hearing to determine whether he had regained competency after having been deemed incompetent. Because the record contains a judicial determination that Gower regained competency, we affirm the trial court's judgment.

### BACKGROUND

The record shows that Gower was indicted in October 2007 for the murder of his wife, Hidi Gower ("Hidi"). Specifically, the indictment alleged that Gower had caused the death of Hidi by paying or promising to pay remuneration to a man named Chaka Johnson in exchange for

Johnson shooting and killing Hidi.[1]  In December 2007, Gower filed a motion for a competency examination.  The trial court granted the motion and appointed Dr. Charles Pierce to conduct a psychological evaluation of Gower.  Based on Dr. Pierce's evaluation, the trial court found Gower incompetent to stand trial and ordered him committed to a state hospital for up to 120 days.  The case proceeded to trial in August 2008.  At the close of trial, the jury found Gower guilty of capital murder and assessed punishment at life imprisonment.

Gower appealed from his conviction, but on April 14, 2009, his counsel filed a brief in this Court in which she stated that the appeal was frivolous.  *See Anders v. California*, 386 U.S. 738 (1967).  After a review of the record, we determined that there was an issue that was not frivolous.  Specifically, we found nothing in the record to indicate that Gower had been reassessed regarding his competency, and we found that the trial court had not made a judicial determination of competency before proceeding to trial as required by statute.  We therefore abated the appeal and instructed the trial court to appoint substitute counsel to file a brief addressing whether the trial court erred in proceeding to trial without first making a judicial determination of competency.  On March 12, 2010, the State filed a supplemental clerk's record containing a letter addressed to the trial court from Dr. Joseph L. Black, the superintendent of the state hospital where Gower had resided.  The letter, which was dated February 25, 2008 (months before trial began), notified the trial court

---

[1] Johnson was tried separately from Gower and was also convicted of capital murder.  This Court affirmed his conviction in *Johnson v. State*, No. 03-08-00448-CR, 2010 Tex. App. LEXIS 4073 (Tex. App.—Austin May 28, 2010, no pet.) (mem. op., not designated for publication).  A thorough recitation of the factual background of the murder is contained in that opinion.

that Gower had been evaluated and deemed competent to stand trial.[2] In addition to the supplemental clerk's record, Gower and the State each filed briefs addressing the competency issue. In the State's brief, the State relied on the following statement in the trial court's judgment: "[i]t appeared to the Court that [Gower] was mentally competent [at the start of trial]." Given the hospital report that was sent to the trial court months before trial began, the State argued that the recitation in the judgment served as a retrospective determination of competency. We address the issue below.

## DISCUSSION

The conviction of an accused person while he is legally incompetent violates due process. *See McDaniel v. State*, 98 S.W.3d 704, 709 (Tex. Crim. App. 2003). A criminal defendant is presumed competent to stand trial. Tex. Code Crim. Proc. Ann. art. 46B.003(b) (West 2007); *Schaffer v. State*, 583 S.W.2d 627, 630 (Tex. Crim. App. 1979). Once a defendant is found to be incompetent, however, he is presumed to be incompetent until it has been lawfully determined that he is competent to stand trial. *Schaffer*, 583 S.W.2d at 630. When the head of a hospital to which a defendant has been committed notifies the committing court that the defendant has attained competency to stand trial, the trial court must make a determination regarding the defendant's competency and may do so based solely on the hospital report. Tex. Code Crim. Proc. Ann. arts. 46B.079, 46B.084(a) (West 2010). If the defendant is found competent to stand trial, criminal proceedings against the defendant may be resumed. *Id*. art. 46B.084(d).

---

[2] The letter does not have a file stamp but indicates that it was sent to the trial court and copied to the district attorney and defense attorney.

3

A judicial determination of competency prior to resuming criminal proceedings may be evidenced in a judgment, order, docket-sheet entry, or any other evidence that the court made a determination of competency after the defendant's return from a state hospital. *See Schaffer v. State*, 583 S.W.2d 627, 631 (Tex. Crim. App. 1979) (op. on reh'g); *Bradford v. State*, 172 S.W.3d 1, 5 (Tex. App.—Fort Worth 2005, no pet.). When the trial court does not make this determination prior to trial, a retrospective determination is required. *See Schaffer*, 583 S.W.2d at 631 (op. on reh'g); *Bradford*, 172 S.W.3d at 6.

Here, as the State points out in its brief, the trial court made a retrospective determination of competency by reciting in the judgment that Gower had regained competency before trial. The specific language used by the trial court in the judgment described the trial proceedings chronologically, beginning with the court's determination of competency:

> It appeared to the Court that [Gower] was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. A jury was selected, impaneled, and sworn. The indictment was read to the jury, and [Gower] entered a plea to the charged offense. The Court received the plea and entered it of record.

The language in the trial court's judgment indicates that the trial court properly made a determination of competency after defendant's return from the state hospital and before the trial court proceeded with trial.[3] Further, the trial court's determination is supported by the letter from

---

[3] In his brief, Gower cites to article 46B.112 of the Texas Code of Criminal Procedure, which states:

> On the filing of a request or motion to determine that the defendant has been restored to competency or on the court's decision on its own motion to inquire into restoration

the state-hospital superintendent deeming Gower competent to stand trial. Accordingly, we overrule

Gower's sole issue.[4] *See Schaffer*, 583 S.W.2d at 631 (op. on reh'g); *Booker v. State*, Nos. 05-06-

01184-CR, 05-06-01185-CR, 2007 Tex. App. LEXIS 8728, *4 (Tex. App.—Dallas Nov. 2, 2007,

no pet.) (mem. op., not designated for publication) (affirming trial-court judgment because trial court

made retrospective determination of competency by noting "competency restored" in docket sheets);

*see also Bell v. State*, 814 S.W.2d 229, 233 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd) (two

previous convictions could be used as enhancements in punishment because corresponding

judgments contained recitation of "competent").

---

of competency, the court shall find the defendant competent to stand trial and proceed in the same manner as if the defendant had been found restored to competency at a hearing if:
    (1) both parties agree that the defendant is competent to stand trial; and
    (2) the court concurs.

*See* Tex. Code Crim. Proc. Ann. art. 46B.112 (West 2007).

    We have already determined that the trial court found Gower to be competent at the beginning of trial. Further, the record does not contain any evidence that Gower objected to proceeding to trial based on a lack of a finding of competency. Thus, there is no evidence that the trial court did not comply with article 46B.112. Further, the caselaw we have previously cited requires only that a trial court's judicial determination of competency be evidenced in a judgment, order, docket-sheet entry, or other evidence. *See Schaffer v. State*, 583 S.W.2d 627, 631 (Tex. Crim. App. 1979) (op. on reh'g); *Bradford v. State*, 172 S.W.3d 1, 5 (Tex. App.—Fort Worth 2005, no pet.). The trial court's judgment complies with that requirement.

   [4] Gower does not cite, and we have not found, any legal authority requiring the trial court to conduct a hearing to determine competency after a defendant has been found incompetent. Thus, we reject Gower's specific contention that the trial court erred in not conducting a hearing.

**CONCLUSION**

Having overruled Gower's sole issue on appeal, we affirm the trial court's judgment.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Patterson and Henson

Affirmed

Filed:   November 5, 2010

Do Not Publish