AFFIRM; Opinion issued November 7, 2012



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-00811-CR
No. 05-11-00812-CR

LUZETTA JOHNSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial District Court
Collin County, Texas
Trial Court Cause Nos. 380-82283-09 & 380-82284-09

# MEMORANDUM OPINION

Before Justices Morris, Francis, and Murphy
Opinion By Justice Francis

Luzetta Johnson waived a jury trial and entered an open plea of guilty to two counts of aggravated assault with a deadly weapon. In each case, the trial court found appellant guilty, made an affirmative finding she used or exhibited a deadly weapon, and assessed punishment at twelve years in prison. In a single issue, appellant contends the trial court improperly tried her after she was found incompetent. We affirm.

In August 2009, Kimberly Bennett was working at a Dollar Tree store when she heard raised voices. She walked over to where appellant and Nancy Henderson were standing. When Bennett asked if she could help, Henderson told her appellant had just stabbed her. Appellant then stabbed

Bennett who ran to the back to get help.

Police arrested appellant who was found incompetent and sent to the state hospital to be treated for schizophrenia and bi-polar disorder. In a letter dated April 20, 2010, the Texas Department of State Health Services sent the trial court a letter stating that, following observation and treatment, appellant was competent to stand trial in these cases. Appellant then entered open pleas of guilty.

In her sole issue, appellant contends the trial court improperly tried her after she had been found incompetent. Appellant claims the trial court did not make a determination she was competent as required by article 46B.084(a) of the code of criminal procedure.

When a defendant has been found incompetent to stand trial, she may be committed to a state hospital for treatment. TEX. CODE CRIM. PROC. ANN. art. 46B.071(a)(1), .073(b) (West Supp. 2011). If the defendant later becomes competent to stand trial, the head of the facility must send a report to the committing court. *Id.* art. 46B.079(b). When the defendant returns to the trial court, the court shall make a determination of the defendant's competence to stand trial. *Id.* art. 46B.084(a). Unless the State or defendant objects within fifteen days after the report is served, the court may make the determination based on the medical report and any other medical or personal history information relating to the defendant. *Id.* The records in these cases reflect that neither the State nor appellant objected to the April 2010 report.

We agree with appellant the statute requires the trial court to make a judicial determination of competency prior to resuming criminal proceedings. *See id.* art. 46B.084(d); *Schaffer v. State*, 583 S.W.2d 627, 630 (Tex. Crim. App. [Panel Op.] 1979). This determination, however, may be evidenced by a recitation in a judgment, an order, a docket sheet entry, or any "other evidence that the court ever made a determination of competency after the appellant's return from the state

hospital." *Schaffer*, 583 S.W.2d at 631 (op. on reh'g). Here, the records contain appellant's open plea agreements in which the trial court found appellant had a sufficient present ability to consult with her attorney with a "reasonable degree of rational understanding" and had a "rational as well as factual understanding of the proceedings." Furthermore, the judgments state it "appeared to the Court that Defendant was mentally competent to stand trial." Thus, the records reflect the trial court made a judicial determination of competency. We overrule appellant's sole issue.

We affirm the trial court's judgments.

MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
110811F.U05

—3—



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

LUZETTA JOHNSON, Appellant

No. 05-11-00811-CR    V.

THE STATE OF TEXAS, Appellee

Appeal from the 380th Judicial District Court of Collin County, Texas. (Tr.Ct.No. 380-82283-09).
Opinion delivered by Justice Francis, Justices Morris and Murphy participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's judgment.

Judgment entered November 7, 2012.

_____
MOLLY FRANCIS
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

LUZETTA JOHNSON, Appellant

No. 05-11-00812-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the 380th Judicial District
Court of Collin County, Texas. (Tr.Ct.No.
380-82284-09).
Opinion delivered by Justice Francis,
Justices Morris and Murphy participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's judgment.


Judgment entered November 7, 2012.


_____
MOLLY FRANCIS
JUSTICE