**AFFIRM; and Opinion Filed October 5, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-01139-CR

**OLATUNDE ANTONIO ADEPEGBA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-80446-2015**

## MEMORANDUM OPINION
Before Chief Justice Wright, Justice Fillmore, and Justice Brown
Opinion by Justice Fillmore

A jury convicted Olatunde Antonio Adepegba of aggravated assault with a deadly weapon and assessed punishment of five years' imprisonment. In two issues, Adepegba contends the punishment violates the objectives of the penal code, and the trial court erred by commencing trial without following the procedures for determining he had regained competency to stand trial set out in article 46B.084 of the code of criminal procedure. We affirm the trial court's judgment.

## Background[1]

On January 25, 2015, Adepegba was involved in an altercation with Jeffrey Davidson in a restaurant, and was subsequently indicted for aggravated assault with a deadly weapon.

---

[1] Adepegba has not challenged the sufficiency of the evidence to support the conviction. Therefore, we recite only those facts necessary to address his complaints on appeal.

Although there are no orders in the clerk's record regarding the proceedings relating to Adepegba's competency to stand trial, the trial court's docket sheet indicates it signed a "Mental Competency Order" on March 16, 2015. The trial court's docket sheet also contains a "General Docket Entry" on April 15, 2015, that states, "Competency motion and order of incompetency filed in 416-00379-2015." In another "General Docket Entry" on June 24, 2015, the trial court noted it had:

> [R]eceived oral report that defendant has been found competent by Dr. Compton, with written report to follow. After consultation with the State and defense counsel, the Order of commitment previously signed after a finding of incompetency is hereby RESCINDED, and the cause is set for JT July 7, 2015.

The case was ultimately called to trial on August 10, 2015. Prior to voir dire, both the State and Adepegba waived the right to a jury finding on whether Adepegba was competent to stand trial, and the trial court held a hearing on the issue. The trial court inquired of "Ms. Ferguson" as to why there were no "CMEs" in the file.[2] Ms. Ferguson stated:

> Judge, he didn't have a CME because he was ordered by the Court to be rehospitalized, and he was waiting hospitalization when it was determined that he might have regained competency. So Dr. Compton saw him to see if he had regained competency prior to transfer, and found that he had, so it would just be Dr. Compton's report.

The trial court admitted Dr. Kristi Compton's report into evidence.

In her report, Dr. Compton stated that, pursuant to an order from the trial court, she evaluated Adepegba on June 24, 2015, to determine whether he was competent to stand trial. Dr. Compton noted she had previously examined Adepegba on August 14, 2013, and opined he was competent to stand trial; Dr. Michael Pittman examined Adepegba in Dallas County on April 2, 2014, and determined he was not competent to stand trial; and on February 15, 2015, she

---

[2] "Ms. Ferguson" is not identified. However, during the punishment phase of the trial, Alyse Ferguson, a private attorney who contracted with Collin County to be the managing attorney for the mental health managed case load, testified for the defense about Adepegba receiving psychotropic medications while in jail that had stabilized his behavior and the services available to him if he was placed on community supervision.

examined Adepegba and opined he was not competent to stand trial.[3] Dr. Compton stated Adepegba had been diagnosed with Psychotic Disorder, NOS; Schizoaffective Disorder; Bipolar Disorder with Psychotic Features; and substance abuse. She also set out a history of Adepegba's hospitalizations for mental health issues beginning in December of 2007, and noted he had last been hospitalized from March to April of 2014.

Dr. Compton observed that, during the June 24, 2015 evaluation, Adepegba was "not exhibiting overt signs of psychosis or mood instability, most likely as a result of taking psychotropic medication." Her diagnostic impressions were that Adepegba suffered from Schizoaffective Disorder, which was in remission, Conduct Disorder, and Cannabis Use Disorder. In Dr. Compton's opinion, Adepegba had a "factual and rational understanding of the parties and proceedings and appear[ed] capable of communicating with his attorney and assisting in his defense." Dr. Compton also believed Adepegba understood the charge against him and had the ability to testify. In Dr. Compton's opinion, Adepegba was competent to stand trial, but psychotropic medication was necessary for him to sustain a competent state.

Adepegba's attorney represented to the trial court that he had been able to effectively communicate with Adepegba, and Adepegba had been able to assist counsel in his defense. Defense counsel also believed Adepegba understood the nature of the proceedings and the charge against him. Based on Dr. Compton's report and the representations of defense counsel, the trial court found Adepegba was competent to stand trial.

After hearing evidence about the altercation at the restaurant during which Adepegba pinned Davidson to the wall and threatened him with a pair of scissors, the jury found Adepegba guilty of aggravated assault with a deadly weapon. The jury heard additional evidence during

---

[3] Based on the dates of the examinations, the first two competency evaluations were not performed in connection with this case. Because Adepegba was arrested on this offense on January 25, 2015, and held in jail following his arrest, the February 15, 2015 evaluation by Dr. Compton appears to have been performed in connection with this case.

the punishment phase, including evidence of Adepegba's criminal history and misconduct while in jail on the current charge, as well as evidence of his mental health issues, treatment with psychotropic medications while in jail, improvement when taking the medications, and the services available to him if he was placed on community supervision. The jury assessed punishment of five years' imprisonment. Adepegba brought this appeal.

## Objectives of the Penal Code

In his first issue, Adepegba contends the trial court abused its discretion by sentencing him to a term of imprisonment because that punishment "violates the objective of the system of prohibitions, penalties, and correctional measures in the penal code." Adepegba contends the sentence is merely punitive and neither meets the objective of rehabilitation nor addresses his mental health issues.

Adepegba did not complain about the sentence either at the time it was imposed or in a motion for new trial. *See* TEX. R. APP. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.) (to preserve error, appellant must make a timely request, objection, or motion). As a result, Adepegba has not preserved this issue for our review. *Id.*[4]

Additionally, as a general rule, punishment that is assessed within the statutory range for an offense is not excessive or unconstitutionally cruel or unusual. *See Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd). As charged in this case, aggravated assault is a second degree felony offense. *See* TEX. PENAL CODE ANN. §§ 22.01(a)(2) (West Supp. 2015), 22.02(a)(2), (b) (West 2011). The punishment range for a second degree felony is imprisonment for a term of not more than twenty years or less than two years with an optional fine not to

---

[4] *See also Davis v. State*, No. 05-15-00826-CR, 2016 WL 335626, at *1 (Tex. App.—Dallas, Jan. 27, 2016, no pet.) (mem. op., not designated for publication).

exceed $10,000. *Id.* § 12.33 (West 2011). Adepegba's five-year sentence is on the lower end of the statutory range for the offense.

We conclude the trial court did not abuse its discretion by sentencing Adepegba to imprisonment. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (sentence within proper punishment range will not be disturbed on appeal). We resolve Adepegba's first issue against him.

### Compliance With Article 46B

Adepegba asserts in his second issue that the trial court improperly proceeded with the trial without following the procedures set out in article 46B.084 of the code of criminal procedure for determining whether he had regained competency to stand trial. Adepegba specifically argues the trial court failed to make a determination of competency within twenty days of receiving notification that he was competent to stand trial. Adepegba concedes the trial court found he had regained competency, but complains the trial court failed to do so until forty-seven days after it received notice that he was no longer incompetent.

"A criminal defendant who is incompetent may not be put to trial without violating due process." *Turner v. State*, 422 S.W.3d 676, 688 (Tex. Crim. App. 2013). A person is incompetent to stand trial if he lacks either sufficient present ability to consult with his attorney "with a reasonable degree of rational understanding" or a rational and factual understanding of the proceedings against him. TEX. CODE CRIM. PROC. ANN. art. 46B.003(a) (West 2006); *see also Turner*, 422 S.W.3d at 689. A criminal defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence. TEX. CODE CRIM. PROC. ANN. art. 46B.003(b); *Schaffer v. State*, 583 S.W.2d 627, 630 (Tex. Crim. App. 1979). Once a defendant is found to be incompetent, however, he is presumed

to be incompetent until it has been lawfully determined that he is competent to stand trial. *Schaffer*, 583 S.W.2d at 630.

Under article 46B of the code of criminal procedure, a trial court may determine a defendant is incompetent, either through a hearing or by agreement of the parties. *See* TEX. CODE CRIM. PROC. ANN. arts. 46B.005(b), (c) (West 2006). Upon finding a defendant incompetent to stand trial, the trial court may commit the defendant to a mental health facility or residential care facility for "further examination and treatment toward the specific objective of the defendant attaining competency to stand trial." TEX. CODE CRIM. PROC. ANN. art. 46B.073(b) (West Supp. 2015); *see also id.* art. 46B.071(a)(1) (West Supp. 2015).[5] If the defendant attains competency to stand trial while at the facility, the head of the facility must notify the trial court and file a report stating the reason for the proposed discharge of the defendant. *Id.* art. 46B.079(b)(1), (c). The trial court, in turn, must provide copies of the report to the attorneys for the defendant and the State. *Id.* art 46B.079(c). Either party may object to the findings of the report within fifteen days of the trial court's receiving notification of the defendant's competency. *Id.* art. 46B.084(a-1)(1). The trial court is required to make a determination of the defendant's competency to stand trial not later than the twentieth day after the date on which it received notification of the defendant's competency, or not later than the fifth day after the defendant's return to court, whichever occurs first. *Id.* The record must contain a judgment, order, docket sheet entry, or other evidence indicating the trial court made a judicial determination of regained competence. *See Schaffer*, 583 S.W.2d at 631; *Fuller v. State*, 11 S.W.3d 393, 395 (Tex. App.—Texarkana 2000, no pet.).[6]

---

[5] Under certain circumstances, the trial court also has the option to release the defendant on bail. *See* TEX. CODE CRIM. PROC. ANN. arts.46B.071(a)(2), 46B.072 (West Supp. 2015).

[6] *See also Martinez v. State*, Nos. 05-12-00209-CR & 05-12-00210-CR, 2013 WL 3389050, at *2 (Tex. App.—Dallas July 3, 2013, no. pet.) (mem. op., not designated for publication) ("A judicial determination of competency prior to resuming criminal proceedings may be evidenced in

The procedure set out in article 46B.084 is not, however, the only procedure pursuant to which the trial court may make a determination a defendant has regained competency to stand trial. Notwithstanding any other provision of article 46B, if the trial court receives credible evidence that a criminal defendant has been restored to competency following the competency hearing but before the defendant is transported to a mental health facility, the trial court may appoint a disinterested expert to reexamine the defendant. TEX. CODE CRIM. PROC. ANN. art. 46B.0755(a) (West Supp. 2015). If, after a reexamination, the expert opines the defendant has been restored to competency, the trial court must withdraw its order of commitment. *Id.* art. 46B.0755(b). If both parties agree the defendant is competent to stand trial, and the trial court concurs, the court is required to find the defendant competent to stand trial. *Id*. art. 46B.0755(c). However, if any party fails to agree, or the trial court fails to concur, that the defendant is competent to stand trial, the court is required to hold a hearing to determine whether the defendant has been restored to competence. *Id.* art. 46B.0755(d). The defendant is presumed to be incompetent, and competency must be proved a preponderance of the evidence. *Id.* At the request of either party or on the court's own motion, the issue of competency must be determined by a jury. *Id.*

In this case, Adepegba was never confined to a mental health facility after he was found incompetent, and consequently the trial court did not receive notification from the head of a facility that Adepegba had regained competency. Accordingly, the procedure set out in article 46B.084 for determining whether a defendant has regained competency to stand trial was not applicable.

---

a judgment, order, docket-sheet entry, or any other evidence that the court made a determination of competency after the defendant's return from a state hospital.").

Rather, evidently after learning Adepegba had possibly regained competency while being held in jail, the trial court ordered Dr. Compton to perform another competency evaluation. After examining Adepegba, Dr. Compton opined that he was competent to stand trial, and the trial court rescinded the order of commitment. Before trial commenced, the trial court held a hearing on the issue of Adepegba's competence and, considering Dr. Compton's report and the representations of Adepegba's counsel, determined Adepegba was competent to stand trial. The trial court, therefore, complied with the procedures set out in article 46B.0755 of the code of criminal procedure pertaining to the immediate restoration of competency. We resolve Adepegba's second issue against him.

We affirm the trial court's judgment.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

151139F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

OLATUNDE ANTONIO ADEPEGBA,
Appellant

No. 05-15-01139-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District
Court, Collin County, Texas,
Trial Court Cause No. 416-80446-2015.
Opinion delivered by Justice Fillmore, Chief
Justice Wright and Justice Brown
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 5th day of October, 2016.