**AFFIRMED; Opinion Filed December 3, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00737-CR

### TEVIN AHERE, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F15-76047-T**

## MEMORANDUM OPINION

Before Justices Lang, Fillmore, and Schenck
Opinion by Justice Schenck

Appellant Tevin Ahere appeals his conviction for aggravated robbery. In his first two issues, appellant urges the trial court violated his statutory and constitutional rights by restoring him to competency for purposes of proceeding with his adjudication without reviewing a psychiatric examination and without a psychiatric examination supporting its determination in the record. In his third through sixth issues, appellant claims he is entitled to a new trial because his Presentence Investigation report (PSI) and the reports of Dr. Kristi Compton, Dr. Sandy Le, and Dr. Gail Johnson were lost and are not included in the district clerk's record. We affirm the judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

Appellant was arrested on July 28, 2015, for armed robbery. He was eighteen-years old at the time and was serving four years' deferred adjudication community supervision for committing three robberies in Collin County. On February 4, 2016, the trial court considered the issue of appellant's competency to stand trial and ordered appellant to undergo a mental competency evaluation. Dr. Compton conducted the competency evaluation and prepared a report in which she opined that appellant was mentally incompetent to stand trial and recommended that he be remanded to a state psychiatric hospital. On March 8, 2016, the trial court held a competency hearing during which it took judicial notice of Dr. Compton's report, which had been filed with the court on March 1, 2016. The trial court found appellant was not competent to stand trial and committed him to North Texas State Hospital's Vernon campus for a period not to exceed 120 days.

On September 12, 2016, the trial court ordered appellant to undergo a second competency evaluation. Michele L. Borynski, Ph.D conducted the evaluation and issued a report in which she opined that appellant was not competent to stand trial. Dr. Le and Dr. Johnson also examined appellant, and they each prepared a Physician's Certificate of Medical Examination for Mental Illness. Both doctors opined that appellant's condition was expected to continue for more than 90 days and recommended that appellant be recommitted to the state hospital.

On January 12, 2017, the trial court held another competency hearing during which the court took judicial notice of the two certificates of medical examination for mental illness, one completed by Dr. Sandy Le and dated December 22, 2016, and the other by Dr. Gail Johnson, dated December 21, 2016. During the hearing, the State called Dr. Michael Pittman to testify. He testified that he had reviewed Dr. Le's and Dr. Johnson's reports and was of the opinion that

appellant was mentally ill and met the criteria for extended court-ordered inpatient mental health services. The court found appellant was mentally incompetent to stand trial, and on January 12, 2017, ordered that appellant's commitment to North Texas State Hospital be continue for a period not to exceed 12 months.

On March 10, 2017, Lincoln Lim, Ph.D, Geri-Psychologist Program Chief Psychologist at North Texas State Hospital, issued a report from his evaluation and examination of appellant in which he opined that appellant was, at that time, competent to stand trial with a high probability of rapid deterioration due to non-compliance with treatment. The Texas Department of State Health Services sent the trial court notice of Dr. Lim's evaluation on March 22, 2017. By docket-entry dated May 17, 2017, the trial court noted that appellant's competency had been restored.

On June 22, 2017, appellant entered a non-negotiated plea of guilty to the offense of aggravated robbery. Appellant indicated he understood the charge and the punishment range and waived his right to a jury trial. The court admitted appellant's judicial confession and stipulation of evidence. The prosecutor then stated, "Your Honor, the State offers the judicial notice of the PSI with the defendant." Appellant's trial counsel stated, "No objection, Judge." The trial court responded, "So admitted." Thereafter, appellant's trial counsel confirmed that he believed appellant to be mentally competent at that time. Appellant then testified on his own behalf and called his mother to testify as well. The trial court sentenced appellant to twelve years' confinement.

## DISCUSSION

A person is incompetent to stand trial if he lacks either sufficient present ability to consult with his attorney "with a reasonable degree of rational understanding" or a rational and factual understanding of the proceedings against him. TEX. CODE CRIM. PROC. ANN. art. 46B.003(a). When a defendant has been found incompetent to stand trial, he may be committed to a state

–3–

hospital for treatment. *Id.* arts. 46B.071, 46B.073. If the defendant attains competency to stand trial while at the state hospital, the head of the facility must notify the committing court. *Id.* art. 46B.079(b)(1). When giving notice, the head of the facility must file a report with the court stating the reason for the defendant's discharge; the court, in turn, must provide copies of the report to the attorneys for the defendant and the State. *Id.* art. 46B.079(c). Either party may object to the findings of the report within fifteen days of the court's receiving notification of the defendant's competency. *Id.* If a party objects to the report, the court must set the competency issue for a hearing. *Id.* art. 46B.084(b).

Whether a hearing is required or not, the trial court must make a judicial determination of the defendant's competency to stand trial. *Id.* art. 46B.084(a). The court may make the determination based on the hospital report and on other medical information or personal history information relating to the defendant. *Id.* The determination may be evidenced by a recitation in a judgment, an order, a docket sheet entry, or any "other evidence that the court ever made a determination of competency after the appellant's return from the State hospital." *Schaffer v. State*, 583 S.W.2d 627, 631 (Tex. Crim. App. 1979) (op. on reh'g).

We review issues involving competency determinations for an abuse of discretion. *Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009), *superseded by statute on other grounds as stated in Turner v. State*, 422 S.W.3d 676, 692, n.3 (Tex. Crim. App. 2013). We may not substitute our judgment for that of the trial court; instead we determine whether the trial court's decision was arbitrary or unreasonable. *Id.* at 426.

In his first issue, appellant argues the trial court made its determination concerning restoration of competency without reviewing a psychiatric examination. Here, the record shows the head of mental health facility to which appellant had been committed provided the court with a written statement that in his opinion appellant was competent to stand trial.

We apply a presumption of regularity to proceedings in the trial court. *Kelley v. State*, 676 S.W.2d 104, 108 (Tex. Crim. App. 1984). In this case, we presume the trial court reviewed the report it received from the head of North Texas State Hospital. We likewise presume the trial court distributed the report to the parties as he was required by statute to do and that the parties were given the opportunity to object to the report and did not do so. The burden is on appellant to overcome these presumptions of regularity. *Wright v. State*, 873 S.W.2d 77, 80 (Tex. App.—Dallas 1994, pet. ref'd). But appellant has not identified any basis in the record that would support a contrary conclusion. Moreover, the trial court made its judicial determination of competency by docket-sheet entry after receiving Dr. Lim's report, which supports the competency determination. Furthermore, when appellant appeared in court on June 22, 2017, and pleaded guilty to the charged offense, his counsel represented to the court that appellant was mentally competent and confirmed the existence of a report establishing his competence. The trial court made a second docket entry noting its restoration of appellant to competency on June 22, 2017, after the trial judge had the opportunity to view appellant and discuss matters with him. We conclude the trial court did not abuse its discretion. Instead, the court made its determination of appellant's restored competency based on sufficient and appropriate evidence of that fact. We overrule appellant's first issue.

In his second issue, appellant claims his due process rights were violated because, while his trial counsel referenced an unspecified report as supporting restoration of competency, the trial court never required for it to be made of record. The Texas Department of State Health Services filed the report with the trial court on March 22, 2017. Consequently, the report is in the record. We overrule appellant's second issue.

In his third issue, appellant argues he is entitled to a new trial because the PSI is not in the record. Texas Rule of Appellate Procedure 34.6 provides that an appellant is entitled to a new trial for problems involving the reporter's record only when a significant exhibit is lost through no fault

of the appellant, and even then he is not entitled to a new trial unless he can demonstrate that the lost exhibit is necessary to the resolution of his appeal, and cannot be replaced by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit. TEX. R. APP. P. 34.6(f).

Appellant asserts that the PSI might show that the evaluation competency report used to restore him to competency did not support the court's determination. But the record contains Dr. Lim's report, which is sufficient to support the trial court's determination. Thus, the PSI is not necessary to the resolution of this appeal. We overrule appellant's third issue.

In his fourth through sixth issues, appellant argues he is entitled to a new trial because the reports prepared by Dr. Compton, Dr. Le, and Dr. Thompson opining that appellant was not competent to stand trial are lost and thus are not included in the court's record. After appellant filed his appellate brief, the district clerk prepared and filed a supplemental clerk's record containing the reports. Accordingly, appellant's fourth through sixth issues are moot. We overrule appellants fourth, fifth, and sixth issues.

CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47
170737F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TEVIN AHERE, Appellant

No. 05-17-00737-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F15-76047-T.
Opinion delivered by Justice Schenck.
Justices Lang and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 3rd day of December, 2018.