**Affirmed as Modified; Opinion Filed July 3, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

## No. 05-12-00209-CR

## No. 05-12-00210-CR

**OVIDIO MARTINEZ, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F09-30379-V and F09-30380-V**

## MEMORANDUM OPINION

Before Justices Bridges, FitzGerald, and Myers
Opinion by Justice Myers

Appellant Ovidio Martinez, Jr. appeals from two convictions for indecency with a child by contact. He contends the trial court erred and violated his due process rights when it accepted his pleas and entered the orders of deferred adjudication. As modified, we affirm the trial court's judgments.

### BACKGROUND AND PROCEDURAL HISTORY

Appellant was charged by indictment in each case with indecency with a child by contact. *See* TEX. PENAL CODE ANN. § 21.11(a)(1). Each indictment contained an enhancement paragraph alleging a prior conviction for felony driving while intoxicated. On May 11, 2011, the trial court entered a judgment finding appellant incompetent to stand trial and committed him to the North Texas State Hospital, Vernon Campus, for a period not to exceed 120 days.

On February 9, 2012, the trial court held a hearing to determine appellant's competency. Counsel for both parties and appellant were present at the hearing. Following the hearing, the trial court indicated it would enter an order finding appellant's competency had been restored. Appellant then pleaded guilty to the indictment and true to the enhancement paragraph in each case. After hearing the evidence, the court accepted appellant's pleas of guilty and true in each case, found the evidence substantiated appellant's guilt and was sufficient to prove the enhancement paragraph, and placed appellant on ten years' deferred adjudication community supervision.

## DISCUSSION

### *Restoration of Competency*

In his issue, appellant contends the trial court erred and violated his due process rights when it accepted his pleas and entered the orders of deferred adjudication because the trial court failed to follow the requirements of Chapter 46B of the code of criminal procedure before finding appellant's competency had been restored.

The conviction of an accused person while he is legally incompetent violates due process. *See McDaniel v. State*, 98 S.W.3d 704, 709 (Tex. Crim. App. 2003). A criminal defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence. TEX. CODE CRIM. PROC. ANN. art 46B.003(b); *see Schaffer v. State*, 583 S.W.2d 627, 630 (Tex. Crim. App. 1979). Once a defendant is found to be incompetent, however, he is presumed to be incompetent until it has been lawfully determined that he is competent to stand trial. *Schaffer*, 583 S.W.2d at 630.

Chapter 46B of the code of criminal procedure provides a trial court with two options once a determination has been made that a defendant is incompetent to stand trial: (1) commit the defendant to a facility under article 46B.073, or (2) release the defendant on bail. TEX. CODE

CRIM. PROC. ANN. art. 46B.071(a). Article 46.073(c) applies to a defendant who, as in this case, is charged with the offense of indecency with a child. *Id.* art. 46B.073(c). Sections (b) and (c) of article 46.073 require the trial court to commit such a defendant "to the maximum security unit of any facility designated by the department [of State Health Services], to an agency of the United States operating a mental hospital, or to a Department of Veterans Affairs hospital" for a period not to exceed 120 days "for further examination and treatment toward the specific objective of the defendant attaining competency to stand trial." *Id*. art. 46B.001(1), 46B.073(c). Article 46B.075 requires the order issued under article 46B.073 to place the defendant in the custody of the sheriff for transportation to the facility in which the defendant is to receive treatment for purposes of competency restoration. *Id.* art. 46B.075.

Article 46B.079 provides that "not later than the 15th day before the date on which the initial restoration period is to expire according to the terms of the order," "[t]he head of the facility . . . shall promptly notify the court" when he believes the defendant has attained competency to stand trial or is not likely to attain competency in the foreseeable future, after which a report is filed with the court.[1] *Id.* art. 46B.079(a)–(c). The court "shall provide copies of the report" to both parties. *Id.* Article 46B.084 requires that, after the defendant has been adjudicated incompetent to stand trial and has been committed to a facility, the trial court must make a judicial determination that the defendant has regained competency before the criminal proceedings against him may be resumed. *See id.* art. 46B.084(a), (d); *see also Bradford v. State,* 172 S.W.3d 1, 4-6 (Tex. App.—Fort Worth 2005, no pet.). "The court may make the determination based on the report filed under Article 46B.079(c) and on other medical

---

[1] The record on appeal does not contain the report from the head of the North Texas State Hospital, Vernon Campus, referenced in the trial court's judgments. We must presume the recitations in a judgment are true absent direct proof of their falsity, and the defendant must object to the judgment and establish that those recitations are false. Appellant has not brought any issue on appeal regarding the recitations in the court's judgments. Accordingly, we do not address the issue. *See Johnson v. State*, 72 S.W.3d 346, 349 (Tex. Crim. App. 2002); *Breazeale v. State*, 683 S.W.2d 446, 450–51 (Tex. Crim. App. 1984) (en banc).

information or personal history information relating to the defendant." TEX. CODE CRIM. PROC. ANN. art. 46B.084(a).

A judicial determination of competency prior to resuming criminal proceedings may be evidenced in a judgment, order, docket-sheet entry, or any other evidence that the court made a determination of competency after the defendant's return from a state hospital. *See Schaffer*, 583 S.W.2d at 631 (op. on reh'g); *Bradford*, 172 S.W.3d at 5; *Johnson v. State*, Nos. 05-11-00811 & 05-11-00812-CR, 2012 WL 5417452, at *1 (Tex. App.—Dallas Nov. 7, 2012, no pet.) (mem. op., not designated for publication); *see also Booker v. State*, No. 05-06-01184-CR & 05-06-01185-CR, 2007 WL 3227544, at *2 (Tex. App.—Dallas Nov. 7, 2007, no pet.) (mem. op., not designated for publication) (retrospective determination of competency in court's docket sheets that appellant's "competency restored" was not defective).

We review cases involving competency determinations for an abuse of discretion. We do not substitute our judgment for that of the trial court, but rather determine whether the trial court's decision was arbitrary or unreasonable. *Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009) (stating that the standard of review for a competency determination is abuse of discretion because "those who observed the behavior of the defendant at the hearing were in a better position to determine whether [ ]he was presently competent").

According to the record, the trial court, the State, and the trial attorney for appellant all initially agreed appellant was incompetent to stand trial, and the trial court signed two judgments to that effect on May 11, 2011. The trial court's judgments finding appellant incompetent to stand trial ordered him committed to the North Texas State Hospital, Vernon Campus, for a period not to exceed 120 days. The judgments further provided that, during the 120 day commitment, appellant was "admitted to the facility for further examination and treatment toward the specific objective of attaining competency to stand trial."

Nearly ten months later, during the hearing held on February 9, 2012, the trial court reminded appellant, who was present in court, that it had held a hearing where appellant was found to be incompetent, and that he was supposed to go to a mental hospital. In response to the trial court's questions, appellant told the trial court he had been hospitalized for a stroke but not his mental conditions. The trial court asked appellant's trial attorney if he had been counseling with his client "over the last several weeks and months," to which he replied, "Yes, I have." When the trial court asked appellant's trial attorney if he had "an opinion as to whether or not [appellant] is currently competent to take care of the cases today," appellant's trial attorney stated, "I believe he is." The trial court then said it would enter an order restoring appellant's competency, to which the State indicated it had no objection. The trial court subsequently proceeded with the open plea agreements. When the State offered into evidence appellant's "signed, voluntary, judicial confession in each case," defense counsel replied, "No objections and he will enter a plea of true to the enhancement paragraphs."

The trial court's docket sheets include a handwritten entry on February 9, 2012 stating "competency restored." On that same day, the trial court signed two judgments "Restoring Competency Hearing Before Court," each of which state as follows:

> [T]he head of that facility [i.e., the North Texas State Hospital, Vernon Campus] having reported to this Court that said Defendant is now competent to stand trial; and a timely objection to the findings of said report having been presented by either the District Attorney or the attorney for Defendant; on this day the State appeared by her Assistant District Attorney, Robbie C. Pfeiffer, and the Defendant appeared in person, his counsel Nelson Knight also being present, for a hearing before this Court on the issue of Defendant's competency.

The judgments conclude by finding appellant is competent to stand trial.

Appellant's argument is based on article 46B.0755 of the code of criminal procedure, titled "Procedures on Credible Evidence of Immediate Restoration," which reads in part as follows:

> *Notwithstanding any other provision of this subchapter*, if the court receives credible evidence indicating that the defendant has been restored to competency at any time after the defendant's incompetency trial under Subchapter C but before the defendant is transported under Article 46B.075 to a mental health facility, residential care facility, or outpatient treatment program, as applicable, *the court may appoint disinterested experts to reexamine the defendant in accordance with Subchapter B.* The court is not required to appoint the same expert or experts who performed the initial examination of the defendant under that subchapter.

TEX. CODE CRIM. PROC. ANN. art. 46B.0755(a) (emphasis added).  If, after a reexamination of the defendant, the expert's report states an opinion that the defendant remains incompetent, the court's order under article 46B.073 remains in effect, and the defendant shall be transported to the facility as required by article 46B.075. *Id.* art. 46B.0755(b).  But if, after a reexamination of the defendant, the expert's report states an opinion that the defendant has been restored to competency, the court shall withdraw its order under article 46B.073. *Id.*  In such event, the trial court shall find the defendant competent to stand trial and proceed in the same manner as if the defendant had been found restored to competency at a hearing if (1) both parties agree the defendant is competent to stand trial and (2) the court concurs. *Id.* art. 46B.0755(c).

Appellant argues that the record in this case shows appellant never went to a mental health facility "for further examination and treatment toward the specific objective of the defendant attaining competency to stand trial" as mandated by article 46B.073.  Thus, appellant contends, the provisions of article 46B.0755 became applicable, and article 46B.0755(a) required the trial court to appoint an expert to reexamine appellant and provide a report stating an opinion that the defendant has been restored to competency before the court could, whether by agreement or through a hearing, find appellant competent to stand trial.

Under ordinary rules of statutory construction, we apply the plain meaning of the words contained in a statute unless doing so would lead to an absurd result. *Clinton v. State*, 354 S.W.3d 795, 800 (Tex. Crim. App. 2011); *Tapps v. State*, 294 S.W.3d 175, 177 (Tex. Crim. App. 2009).  Giving this statutory provision its plain meaning, it gives a trial court the discretion—it

uses the word "*may*" and not "*shall*"—to appoint a disinterested expert to reexamine the defendant after the original competency hearing "but before the defendant is transported." The court, however, is not required to do so.

The record shows that the issue of appellant's restored competency was addressed at the February 9, 2012 hearing, during which neither party objected to the trial court entering an order restoring competency. The trial court questioned appellant at the hearing and had an opportunity to observe his demeanor. The trial court recorded its restoration of competency determination in both the docket sheets and the judgments "Restoring Competency Hearing Before Court." The judgments recite that the head of the North Texas State Hospital had reported to the trial court that appellant is competent to stand trial. Furthermore, both of the trial court's orders of deferred adjudication recite that "[i]t appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea." Given the record before us, we cannot say the trial court abused its discretion. *See Schaffer*, 583 S.W.2d at 631. We overrule appellant's issue.

### *Modification*

The record reflects that the trial court's orders of deferred adjudication list "N/A" after the "Plea to 1st Enhancement Paragraph" and "Findings on 1st Enhancement Paragraph" entries. The record, however, shows that in each case appellant entered a plea of true to the enhancement paragraph, the trial court accepted appellant's plea of true, then found the evidence sufficient to prove the enhancement paragraph in each case.

This Court has the power to modify whatever the trial court could have corrected by a judgment *nunc pro tunc* if the evidence necessary to correct the judgment appears in the record. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd); *Whitaker v. State*, Nos. 05–12–00361–CR & 05–12–00399–CR, 2013 WL 2641485, at *1 (Tex. App.—Dallas June

–7–

10, 2013, no pet. h.) (mem. op., not designated for publication). "The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Asberry*, 813 S.W.2d at 529-30. A trial court can issue an order *nunc pro tunc* to correct an error in an order of deferred adjudication. *Whitaker*, 2013 WL 2641485, at *1. On our own motion, we therefore reform the orders of deferred adjudication to read: "Plea to 1st Enhancement Paragraph: True" and "Findings on 1st Enhancement Paragraph: Court finds evidence sufficient to prove the enhancement paragraph."

As modified, we affirm the trial court's judgments.


/Lana Myers/
LANA MYERS
JUSTICE


Do Not Publish
TEX. R. APP. P. 47
120209F.U05

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

OVIDIO MARTINEZ, JR., Appellant

No. 05-12-00209-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F09-30379-V.
Opinion delivered by Justice Myers.
Justices Bridges and FitzGerald participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

"Plea to 1st Enhancement Paragraph: True" and "Findings on 1st Enhancement Paragraph: Court finds evidence sufficient to prove the enhancement paragraph."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 3rd day of July, 2013.

/Lana Myers/
LANA MYERS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

OVIDIO MARTINEZ, JR., Appellant

No. 05-12-00210-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F09-30380-V
Opinion delivered by Justice Myers.
Justices Bridges and FitzGerald
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

"Plea to 1st Enhancement Paragraph:  True" and "Findings on 1st Enhancement Paragraph:   Court finds evidence sufficient to prove the enhancement paragraph."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 3rd day of July, 2013.

/Lana Myers/

LANA MYERS
JUSTICE