**Jackie Ray FULLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–98–00254–CR.**

Court of Appeals of Texas,
Texarkana.

Jan. 13, 2000.

Henry Whitley, Quitman, for appellant.

Tim Cone, Upshur County Dist. Atty., Gilmer, for appellee.

ORDER

WILLIAM J. CORNELIUS, Chief Justice.

Jackie Ray Fuller was tried for aggravated sexual assault of a child. The jury found Fuller guilty, and the trial court assessed punishment and sentenced Fuller to thirty years' confinement. Fuller now appeals.

The record shows that Fuller was originally indicted in 1992 for the primary offense and was found by the jury to be incompetent to stand trial. On December 16, 1992, the trial court ordered Fuller confined in the Vernon State Hospital. On February 23, 1993, Dr. Raleigh D. Wood, on behalf of the hospital superintendent, certified in a letter and final report to the trial court that Fuller was then mentally

---

competent to stand trial. No other action appears to have been taken with regard to the certification or notification. On November 4, 1993, Fuller was tried before a jury for the offense as alleged in the indictment. The jury was unable to reach a unanimous verdict, and a mistrial was declared. The case was again set for December 6, 1993, at which time the trial resulted in the conviction from which this appeal is taken.

Fuller contends that the trial court erred by proceeding to trial without vacating the incompetency finding made in December 1992 and in failing to make a judicial determination of competency at the time of trial. Further, Fuller argues that the State failed to sustain its burden of proof to show that he was competent at the time of his trial. In response, the State argues that Fuller was returned to Upshur County after his commitment to Vernon State Hospital when he was deemed competent to stand trial, and the trial court was entitled to rely on the mental health professional's certification of competency without further action.

■ Article 46.02 of the Texas Code of Criminal Procedure provides the procedure to be followed when the issue of competency to stand trial is raised. The statute provides in part:

> (i) When the head of a facility to which the defendant is committed discharges the defendant and the defendant is returned to court, a final report shall be filed with the court documenting the applicable reason therefor under Subsection (f) of this section, and the court shall furnish copies to the defense counsel and the prosecuting attorney. If the head of such facility is of the opinion that the defendant is mentally ill and is likely to cause serious harm to himself or others or will, if not treated, continue to suffer severe and abnormal mental, emotional, or physical distress and will continue to experience deterio-

ration of his ability to function independently and is unable to make a rational and informed decision as to whether or not to submit to treatment and therefore requires in-patient mental health services, he shall complete and submit to the court a Certificate of Medical Examination for Mental Illness. If the head of such facility is of the opinion that the defendant is mentally retarded, he shall submit to the court an affidavit setting forth the conclusions reached as a result of the diagnostic examination. When the report is filed with the court, the court is authorized to make a determination based solely on the report with regard to the defendant's competency to stand trial, unless the prosecuting attorney or the defense counsel objects in writing or in open court to the findings of the report within 15 days from the time the report is served on the parties. In the event of objection, the issue shall be set for a hearing before the court or, on motion by the defendant, his counsel, the prosecuting attorney, or the court, the hearing shall be held before a jury. The hearing shall be held within 30 days following the date of objection unless continued for good cause.

TEX.CODE CRIM. PROC. ANN. art. 46.02, § 5(i).[1] This provision allows the trial court to rely solely on the report from the head of the facility in making a determination as to the defendant's competency. In this case, no judicial determination of competency was ever made. Letters from a psychiatrist or psychiatric evaluations containing recitations of competency are evidentiary only; they cannot operate as a substitute for a judicial fact finding of a defendant's competency to stand trial. *Bell v. State*, 814 S.W.2d 229, 232 (Tex. App.-Houston [1st Dist.] 1991, pet. ref'd).

■ This case presents the same situation faced by the Court of Criminal Appeals in *Schaffer v. State*, 583 S.W.2d 627

---

1. Act of May 22, 1989, 71st Leg., R.S., ch. 393, § 3, 1989 Tex. Gen. Laws 1521, *amended* by Act of May 26, 1999, 76th Leg., R.S., ch. 561, § 4, 1999 Tex. Gen. Laws 3094–95.

(Tex.Crim.App. [Panel Op.] 1979). In *Schaffer,* the defendant was found to be incompetent to stand trial and was committed to Rusk State Hospital. He was later deemed competent and returned to the trial court. Although the record showed that the certification and final report of the superintendent of the hospital was submitted to the court and made a part of the record in the case, there was no judgment, order, docket sheet entry, or other evidence that the trial court ever made a determination of competency after the defendant's return from the state hospital. The State argued that a judicial determination of competency was not necessary because the defendant was certified as competent in the report from the superintendent of the state hospital, and that the trial court was entitled to rely solely on this report or, alternatively, that no specific judicial determination of competency was required in the record because such a determination could be inferred by the court's decision to proceed to trial. The Court of Criminal Appeals held that the record required that a judicial determination of competency be made and therefore abated the matter to the trial court for such a determination. *Schaffer v. State,* 583 S.W.2d at 631.

We have reviewed the record in this case and have found no judgment, order, docket sheet entry, or other evidence that the trial court ever made a determination as to Fuller's competency to stand trial. We therefore abate this appeal so the trial court may make a judicial determination pursuant to Article 46.02, *supra,* regarding Fuller's competency at the time this case was tried.