

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| SUSSETTE SHEREE TIMMONS, | § | No. 08-13-00306-CR |
| Appellant, | § | |
| | § | Appeal from the |
| V. | § | 380th District Court |
| THE STATE OF TEXAS, | § | of Collin County, Texas |
| Appellee. | § | (TC# 380-80301-04) |

**O P I N I O N[1]**

Appellant, Sussette Sheree Timmons, appeals the trial court's judgment adjudicating her guilty of sexual assault of a child. Timmons argues the trial court abused its discretion in revoking her community supervision without ascertaining whether she was competent and failed to conduct a hearing pursuant to Articles 46B.108 and 46B.111 of the Texas Code of Criminal Procedure. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Appellant was indicted in February 2004 with the offenses of sexual assault of a child under seventeen years' of age and indecency with a child. In May 2004, the trial court heard Appellant's motion for determination of competency, which was unopposed by the State, and

---

[1] This case was transferred to this Court from the Fifth Court of Appeals pursuant to an order issued by the Supreme Court of Texas. *See* TEX.GOV'T CODE ANN. § 73.001 (West 2013).

granted it. In September 2004, the trial court found Appellant incompetent. Presumably, the trial court found Appellant competent as she pleaded guilty to sexual assault of a child in August 2005, and pursuant to the plea bargain, the trial court sentenced her to ten years' deferred adjudication. The count of indecency with a child count was abandoned. Appellant, as per her terms and conditions of probation, was ordered to take medication as prescribed by a doctor. In December 2007, Appellant's probation was modified to include the additional requirement to "Participate in the Specialized Caseload program for the Mentally Impaired due to being discharged from the Sex Offender Treatment program[.]" After eight years of probation, in February 2013, the State filed a petition to enter a final adjudication of Appellant's guilt. Subsequently, defense counsel filed a Motion for Psychiatric Examination which the trial court granted.

On April 9, 2013, Appellant was found incompetent and ordered to Terrell State Hospital to attain competency to stand trial for a period not to exceed 120 days. The order stated that Terrell State Hospital was to notify the trial court when "the Defendant has attained competency to stand trial" or if "there is no substantial probability that the Defendant will attain the competency to stand trial in the foreseeable future" or "fourteen days before this commitment is to expire." On July 30, 2013, a bench warrant was issued to bring Appellant from Vernon State Hospital back to Collin County.

On August 28, 2013, the trial court held a hearing in which Appellant pleaded true to paragraphs 7, 8, and 9 in the State's petition for adjudication, and the trial court sentenced her to six years' confinement in the penitentiary. The State's petition alleged that:

7: that the defendant has failed to comply with recommendations of all medical care providers as well as compliance with the recommendations of psychological evaluations;

2

8:  that the defendant has failed to participate in a sexual abuse treatment program to the full satisfaction of the supervision officer and the treatment provider;

9:  that the defendant has failed to follow all rules/regulations of the Specialized Caseload program and pay all costs associated with the program, to wit: failed to attend mental health treatment as required, failed to take medications as prescribed by doctor[.]

Appellant testified that she had reviewed the State's petition with her attorney. Appellant affirmatively represented to the trial court that she was pleading true without a plea agreement and understood the court could either continue her probation or sentence her up to twenty years in the penitentiary. The trial court also explained to Appellant that she had the right to appeal and Appellant indicated to the court she understood that. Appellant also represented to the trial court that she understood that she was waiving her right to a contested hearing. Appellant informed the court that she wanted to continue on probation. The court inquired if the signature on the Defendant's Plea of True and Stipulation of Evidence Open Plea belonged to Appellant, to which Appellant replied yes. The trial court asked Appellant if she understood that by signing the document and entering a plea of true that the court has "all the evidence" to find the allegations are true, to which Appellant answered yes.

The trial court asked Appellant's counsel "do you believe that your client is competent?" Defense counsel replied "based on the report from the state hospital contained in the Court's file, which I've also asked the Court to take judicial notice of, yes, I do believe she is competent at this time." The trial court stated "So noticed, and the Court so finds based on its observations and representations of counsel." The court asked Appellant if she understood the consequences of her plea if she is not a citizen of the United States, she replied "Yes, your honor." The court further inquired if Appellant was pleading true or not true, to which she responded "True." The trial

3

court asked if Appellant was pleading true "because the allegations are true and for no other reason." Appellant responded "Yes." The trial court also asked if Appellant was "pleading true freely and voluntarily?" Appellant again responded affirmatively. The court asked Appellant if "anyone pressure[d] you or force[d] you to plead true" and if anyone "promise[d] you something to get you to plea true?" Appellant replied "No, Your Honor." The trial court accepted the plea of Appellant.

Appellant testified as to her full correct name and that she had been placed on deferred probation in 2005, completing eight years of her probation. Appellant was questioned by defense counsel and stated she had been hospitalized twice in those eight years, having returned from the State hospital in the last week. Appellant told the court that she had been at the state hospital for three and a half months. Appellant was asked whether she had a "better understanding today than [she] did before [she] went to the state hospital of what's going on?" and she replied "Yes." Appellant stated that her medications were adjusted at the state hospital. Appellant told the court that she was taking 30 milligrams of Haldol daily for hallucinations. When defense counsel asked Appellant if she has had any hallucinations since her return from the state hospital, Appellant replied "No." Appellant testified that in the past eight years she has discontinued taking her medications when she thought she was pregnant. She stated "I stopped taking the medications so my child wouldn't have a birth defect." Appellant explained that she did not take her medications because "I was only doing it for the baby. I didn't want him to have a club foot or some kind of disability, so I would have to take – so the county would have to pay for him too." Appellant testified that she did not want to go to the penitentiary, but would prefer to stay on deferred

4

probation. Appellant stated she had been helped by her treatment at Vernon's and was asking the court for a second chance on probation.

Appellant also understood that in spite of being on probation for eight years, she had accumulated a significant amount back time credit with numerous incarcerations in the county jail. Appellant's back time credit at the time of sentencing was 584 days. However, in spite of the back time credit, Appellant was requesting the court to continue her on deferred probation. Appellant told the trial court that she lives with her father and was willing to get a job. Upon cross-examination by the State, Appellant testified that she had been receiving her medication at the jail and had been taking it. Appellant further asserted that if she continued on probation that she could see a doctor with MHMR.

At closing, defense counsel emphasized that Appellant is "back on her meds now and seems to have a clear understanding of the importance of staying on them." Appellant then stated "One more thing, I'm not bipolar, it was a misdiagnosis, and Dr. Lee said I was hallucinating, and I think she was right more than the first person that diagnosed me." The trial court found the allegations in paragraphs 7, 8, and 9 true and adjudicated her guilty. The court assessed a sentence of "six years confinement in the Texas Department of Criminal Justice Institutional Division with no fine, credit for back time in the amount of 584 days." Appellant told the court "I have the right to appeal? Okay. I'm going to appeal."

## ISSUE

Appellant, in one paragraph, argues the trial court erred in failing to conduct a hearing pursuant to TEX.CODE CRIM.PROC.ANN. art. 46B.108 (West Supp. 2016), art. 46B.111 (West

5

2007).[2] She asserts the trial court should have conducted a hearing on its own motion to determine whether she had been restored to competency under Article 46B.108. Appellant requests her case be remanded to the trial court for a competency hearing to determine if she was competent on August 28, 2013, to waive her rights in accordance with her plea of true. We construe Appellant's issue to be that Appellant was not competent to enter her plea of true and the trial court erred by failing to hold a hearing pursuant to Articles 46B.108 and 46B.111.

The State responds that the trial court did not err because it is apparent on the basis of the record the parties agreed that Appellant was competent pursuant to Article 46B.112 which allows for the determination of restoration by agreement of the parties and the court. TEX.CODE CRIM.PROC.ANN. art. 46B.112 (West 2007).

---

[2] Appellant's brief suffers from several formal and substantive defects under TEX.R.APP.P. 38.1. Specifically, Appellant's citations to the record in both the Statement of the Case section and the Statement of Facts section is sporadic at best. *See* TEX.R.APP.P. 38.1(d)(statement of the case should be supported by record citations); TEX.R.APP.P. 38.1(g)(statement of facts should be supported by record references). Appellant's brief fails to contain a summary of the argument section required by TEX.R.APP.P. 38.1(h). The rules of appellate procedure require an appellant's brief to contain a clear and concise argument containing appropriate citations to authority and to the record. *See* TEX.R.APP.P. 38.1(i). Appellant's brief appears to violate TEX.R.APP.P. 38.1(i) in that the argument section fails to contain record references or citations to relevant authority. In four sentences it fails to conduct any substantive legal analysis. Appellant's argument reads as follows:

> THE TRIAL JUDGE ERRED BY FAILING TO CONDUCT A HEARING UNDER TEX[.] CODE CRIM. PROC. Art. 46B.108 and Tex. Code Crim. Proc. 46B.111.
>
> The Code of Criminal Procedure requires that a Trial Court may, on its own motion conduct a hearing upon motion of the parties or its own motion to determine whether competency restoration has been achieved. The fact that a hospital has issued a report that a defendant is competency [sic] is not the judicial determination that 46B.111 contemplates. Given the tortuous mental health history this Appellant has demonstrated, Appellant believes she is entitled to have her case remanded for the judge to determine whether she was competent to make the waivers in connection with her open plea of guilty and competent to be sentenced by the trial court.

Although, we concede that Appellant's substantive briefing is woefully deficient, we find that it meets the requirements of TEX.R.APP.P. 38.1(i)—albeit barely—by providing us with enough information with which to understand Appellant's claim. Counsel is reminded of the need to provide full yet clear and concise briefing on all issues presented to ensure the expeditious, efficient, and fair administration of justice.

We possess the power to order a brief redrawn where formal defects exists. TEX.R.APP.P. 38.9(a). However, we decline to exercise it here, as a redrawn brief would result in unnecessary delay and would not materially aid the Court in disposition of this cause. In the interests of justice, we turn to Appellant's sole substantive issue as best as we can discern it.

**STANDARD OF REVIEW**

Questions involving competency determinations are reviewed by an abuse of discretion standard. Reviewing courts do not substitute their judgment for that of the trial judge, but rather determine whether the decision was arbitrary or unreasonable. *Montoya v. State,* 291 S.W.3d 420, 426 (Tex.Crim.App. 2009)(finding "those who observed the behavior of the defendant at the hearing were in a better position to determine" competency *citing McDaniel v. State,* 98 S.W.3d 704, 713 (Tex.Crim.App. 2003)). The test for abuse of discretion is not whether, in the opinion of the appellate court, the facts present a suitable case for the trial court's action, but rather, whether the trial court acted without reference to any guiding rules or principles. *State v. Thomas,* 428 S.W.3d 99, 103 (Tex.Crim.App. 2014). The fact that a trial court may decide a matter differently from an appellate court does not demonstrate an abuse of discretion. *Id.* at 103–04. We view the evidence in the light most favorable to the trial court's ruling, defer to the court's credibility choices, and assume that all reasonable fact findings in support of the ruling have been made. *Id.* at 104.

### *Subchapter E: Civil Commitment: Charges Pending*

Articles 46B.108 and 46B.111 of the Texas Code of Criminal Procedure fall under "SUBCHAPTER E. CIVIL COMMITMENT: CHARGES PENDING[.]" Article 46B.101 which is titled "Applicability" states "[t]his subchapter applies to a defendant against whom a court is required to proceed according to Article 46B.084(e) or according to the court's appropriate determination under Article 46B.071." TEX.CODE CRIM.PROC.ANN. art. 46B.101 (West Supp. 2016). Articles 46B.084 and 46B.071 are included under "SUBCHAPTER D. PROCEDURES AFTER DETERMINATION OF INCOMPETENCY[.]" According to Article 46B.055, "[i]f the

defendant is found incompetent to stand trial, the court shall proceed under Subchapter D."

TEX.CODE CRIM.PROC.ANN. art. 46B.055 (West 2007).

Article 46B.071 instructs:

(a) Except as provide by Subsection (b), on a determination that a defendant is incompetent to stand trial, the court shall:

(1) commit the defendant to a facility under Article 46B.073; or
(2) release the defendant on bail under article 46B.072

(b) On a determination that a defendant is incompetent to stand trial and is unlikely to be restored to competency in the foreseeable future, the court shall:

(1) proceed under Subchapter E or F; or
(2) release the defendant on bail as permitted under Chapter 17.

TEX.CODE CRIM.PROC.ANN. art. 46B.071 (West Supp. 2016).

Article 46B.073, in relevant part, states:

(a) This article applies only to a defendant not released on bail who is subject to an initial restoration period based on Article 46B.071.

(b) For further examination and treatment toward the specific objective of the defendant attaining competency to stand trial, the court shall commit a defendant described by Subsection (a) to a mental health facility or residential care facility for the applicable period as follows:

.        .        .

(2) a period of not more than 120 days, if the defendant is charged with an offense punishable as a felony.

TEX.CODE CRIM.PROC.ANN. art. 46B.073 (West Supp. 2016).

Article 46B.084 is entitled "Proceedings on Return of Defendant to Court[.]" The pertinent sections of Article 46B.084 are as follows:

(a) On the return of a defendant to the court, the court shall make a determination with regard to the defendant's competency to stand trial. The court may make

8

the determination based on the report filed under Article 46B.079(c) and on other medical information or personal history information relating to the defendant.

.          .          .

(d) If the defendant is found competent to stand trial, criminal proceeding against the defendant may be resumed.

(e) If the defendant is found incompetent to stand trial and if all charges pending against the defendant are not dismissed, the court shall proceed under Subchapter E.

(f) If the defendant is found incompetent to stand trial and if all charges pending against the defendant are dismissed, the court shall proceed under Subchapter F.[3]

Article 46B.084 contemplates the defendant's return to court after being committed to a facility under Article 46B.073.   Thus, once a defendant is committed to a mental health facility for the purpose of attaining competency to stand trial and is returned to the court, the court must make a determination as to the defendant's competency to stand trial under Article 46B.084.

---

[3] All references to Article 46B.084 is to the amended version effective September 1, 2011, in effect for Appellant's hearing in August 2013.   *See* Act of May 24, 2011, 82d Leg., R.S., ch. 822, 2011 Tex. Gen. Laws 1894, 1900.

Chapter 46B has been amended since this case has been filed.   Article 46B.084(a) has been relocated to (a-1)(1). The current version of (a-1)(1) in part states:

> Following the defendant's return to the court, the court shall make a determination with regard to the defendant's competency to stand trial. The court may make the determination based on the report filed under Article 46B.079(c) and on other medical information or personal history information relating to the defendant.

Article 46B.084(d) was amended and is found under (d)(1) & (2) and states:

> (d)(1) If the defendant is found competent to stand trial, on the court's own motion criminal proceedings in the case against the defendant shall be resumed not later than the 14th day after the date of the court's determination under this article that the defendant's competency has been restored.
> (2) Notwithstanding Subdivision (1), in a county with a population of less than one million or in a county with a population of four million or more, on the court's own motion criminal proceedings in the case against the defendant shall be resumed as soon as practicable after the date of the court's determination under this article that the defendant's competency has been restored.

Article 46B.084(e) and (f) remain unchanged.   TEX.CODE CRIM.PROC.ANN. art. 46B.084(a-1)(1)(d)(1), (2), (e), (f)(West Supp. 2016).

Under both Articles 46B.071 and 46B.084, if the court determines the defendant is still incompetent to stand trial and is unlikely to be restored to competency in the foreseeable future, then, if charges are still pending, the court proceeds to Subchapter E, and if the charges are dismissed, the court proceeds to Subchapter F.

Appellant was returned to the court prior to the expiration of 120 days with, as best as we can infer based on the record before us, an evaluation from the state hospital opining that she was competent to stand trial. Given those facts, Subchapter E which includes Articles 46B.108 and 46B.111 are inapplicable to Appellant as they are to be utilized only when a defendant is returned to the court incompetent and is unlikely to be restored to competency in the foreseeable future and the charges are not dismissed. We overrule Appellant's issue that the trial court failed to conduct a hearing pursuant to Articles 46B.108 and 46B.111.

### *Competency*

We next turn to the question of whether Appellant was competent at the hearing on August 28, 2013 when she entered her open plea. When a trial court determines that a defendant is incompetent to stand trial, the court may commit the defendant to a mental health facility. TEX.CODE CRIM.PROC.ANN. art. 46B.073(b). When the "head of the facility" is of the opinion that the defendant has attained competency to stand trial, a report is filed with the court, with copies provided to both parties, and the defendant is returned to the committing court. *See* TEX.CODE CRIM.PROC.ANN. arts. 46B.079(b), (c)[4] and 46B.082.[5]

---

[4] All references to Article 46B.079(b) & (c) is to the amended version effective September 1, 2011, in effect for Appellant's hearing in August 2013. *See* Act of May 24, 2011, 82d Leg., R.S., ch. 822, 2011 TEX.GEN.LAWS 1894, 1899 (Amended 2015)(TEX.CODE CRIM.PROC.ANN. art. 46B.079 (West Supp. 2016)).

[5] All references to Article 46B.082 is to the amended version effective September 1, 2007, in effect for Appellant's hearing in August 2013. *See* Act of May 17, 2007, 80th Leg., R.S., ch. 1307, § 7, 2007 TEX.GEN.LAWS 4385, 4390 (Amended 2015)(TEX.CODE CRIM.PROC.ANN. art. 46B.082 (West Supp. 2016)).

Once a defendant is found to be incompetent, he is presumed to be incompetent until it has been lawfully determined that he is competent to stand trial. *Schaffer v. State,* 583 S.W.2d 627, 630 (Tex.Crim.App. 1979). Article 46B.084(a) and (d) requires that, after a defendant has been adjudicated incompetent to stand trial and has been committed to a mental hospital, the trial court must make a judicial determination that the defendant has regained competency before the criminal proceedings against him may be resumed. TEX.CODE CRIM.PROC.ANN. art. 46B.084(a), (d)*; see also Bradford v. State,* 172 S.W.3d 1, 4–6 (Tex.App.--Fort Worth 2005, no pet.)(trial court was required to make a judicial determination of competency before proceeding with an adjudication of guilt); and *Byrd v. State,* 719 S.W.2d 237, 238 (Tex.App.--Dallas 1986, no pet.)(appeal was abated because there was no judicial determination on the record).

In *Schaffer*, the defendant argued the notification by the superintendent of the facility that he was competent to stand trial was not a judicial determination and that there should be some form of judicial restoration before the trial on the merits. *Schaffer,* 583 S.W.2d at 628. The *Schaffer* court agreed and noted, "[t]he general rule would seem to be that a person is presumed competent to stand trial until he is found incompetent to stand trial, and once found to be so incompetent, he is presumed to be incompetent to stand trial until such time as it has been determined in accordance with the law that he is competent to stand trial." *Schaffer,* 583 S.W.2d at 630. The *Schaffer* court found there was no evidence in the record that the trial court ever made a determination of the defendant's competency to stand trial prior to the trial on the merits after he had earlier been found incompetent to stand trial by a jury. *Id.* The court on the State's motion for rehearing then abated the appeal for the trial court to make such a determination. *Id.* at 631.

A judicial determination of competency prior to resuming criminal proceedings may be

evidenced in a judgment, order, docket-sheet entry, or any other evidence that the court made a determination of competency after the defendant's return from a state hospital. *See Schaffer*, 583 S.W.2d at 631; *Bradford,* 172 S.W.3d at 5; *Johnson v. State,* Nos. 05–11–00811-CR & 05–11–00812–CR, 2012 WL 5417452, at *1 (Tex.App.--Dallas Nov. 7, 2012, no pet.)(mem. op., not designated for publication); *see also Booker v. State,* Nos. 05-06-01184-CR, 05-06-01185-CR, 2007 WL 3227544, at *2 (Tex.App.--Dallas Nov. 2, 2007, no pet.)(mem. op., not designated for publication)(retrospective determination of competency in court's docket sheets that appellant's "competency restored" was not defective). When the trial court does not make this determination prior to trial, a retrospective determination is required. *See Schaffer,* 583 S.W.2d at 631; *Bradford,* 172 S.W.3d at 6.

Turning to the case at hand, the record does not reveal an order contemplated by Article 46B.084 was entered by the trial court, nor was the state's hospital report included in the record sent to us for review. However, the record at the hearing clearly indicates that defense counsel represented to the trial judge that Appellant was competent based on the state hospital's report. The trial court indicated that he found Appellant competent after taking judicial notice of the state hospital's report, his observations of Appellant, and defense counsel's representation that Appellant was competent. The hearing record further reveals that Appellant responded lucidly and appropriately to the questions propounded to her by the court, her attorney, and the State. She agreed that she had a better understanding of the proceedings at the hearing than she did prior to her treatment at the state hospital. She was no longer suffering from hallucinations, she knew her name, was oriented to time and would offer unsolicited information in an effort to persuade the

12

trial judge to continue her probation. Her testimony indicated she fully understood the accusations and entered into her plea freely and voluntarily.

The trial court, only after finding Appellant competent on the record, proceeded with the hearing and asked Appellant whether she wanted to plead true or not true. Given our review of the record, the trial court did not abuse its discretion in finding Appellant competent.

## CONCLUSION

We find no reversible error in the case. The judgment is affirmed.


October 26, 2016

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Publish)