

**In the**
**Court of Appeals**
**Second Appellate District of Texas**
**at Fort Worth**

_____

No. 02-20-00050-CR

_____

PAUL ROBERT LABAR, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. 1471864D

---

Before Kerr and Birdwell, JJ.; and Lee Gabriel (Senior Justice, Retired,
Sitting by Assignment)
Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

Appellant Paul Robert Labar appeals from his conviction for murder and from the sentence of sixty years' confinement assessed by a jury. *See* Tex. Penal Code Ann. § 19.02(c). In his first issue, Labar argues that the trial court erred by proceeding with an adjudication of his guilt without properly making a judicial determination that he had regained competency to stand trial since the entry of an order finding him incompetent. In his second issue, Labar contends that the trial court failed to admonish him of the range of punishment before accepting his plea of guilty and that as a result, he did not understand the consequences of his plea. We find no merit as to either issue and affirm the judgment.

## I. PROCEDURAL BACKGROUND[1]

On September 26, 2016, Labar was arrested for murdering his mother. The court appointed Mr. Wood to represent Labar on September 28, 2016. On November 17, 2016, Labar's court-appointed attorney filed a motion for a competency examination. The following day, the trial judge appointed Dr. Barry Norman to conduct an examination to determine if Labar was competent to stand trial pursuant to Chapter 46B of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. arts. 46B.001–.171. Dr. Norman evaluated Labar on

---

[1]Labar pled guilty to the offense of murder. The actual facts of the offense have no bearing on the issues raised on appeal. We will dispense with the discussion of the factual background as the facts are not relevant to the disposition of this appeal.

December 5, 2016, and found that he was incompetent to stand trial at that time. On December 19, 2016, the trial court signed an agreed order finding that Labar was incompetent to stand trial, which had been signed by both the attorney for the State and Labar's attorney. The trial court further found, by a preponderance of the evidence, that with proper treatment and care, Labar might attain competency in the future. The next day, Labar was committed to the North Texas State Hospital. When Labar was found incompetent to stand trial and hospitalized in 2016, the murder charge remained pending.

On December 14, 2017, the North Texas State Hospital filed a report with the trial court. On that same day, the trial judge signed a bench warrant ordering the Sheriff of Tarrant County to transport Labar from the hospital to Tarrant County for trial. On February 12, 2018, Mr. Wood filed a second motion for a competency examination, and the following day, the trial court appointed Dr. Norman to again examine Labar. The examination took place on February 21, 2018, and March 7, 2018. On March 21, 2018, Dr. Norman wrote a report finding Labar competent to stand trial. The report was filed with the court on April 2, 2018. That same day, the trial court made a docket notation that reads: "Psych report reflects competent." The record in this case reflects no further filings concerning Labar's competency to stand trial.

Labar's trial commenced on January 27, 2020. Prior to jury selection, Labar was arraigned on the charge of murder. After the State read the indictment, the trial judge addressed the issue of Labar's competency to stand trial:

> THE COURT: Now, Mr. Labar, to the indictment for the offense of murder, you may plead guilty or not guilty. What is your plea?
>
> THE DEFENDANT: Guilty.
>
> THE COURT: Now, you're pleading guilty because you are guilty; is that correct?
>
> THE DEFENDANT: Correct.
>
> THE COURT: Anybody offer you any hope of pardon or parole to get you to plead guilty?
>
> THE DEFENDANT: No.
>
> . . . .
>
> THE COURT: It's a free and voluntary act on your part; is that correct?
>
> THE DEFENDANT: Correct.
>
> THE COURT: And you are competent at this time to make that decision?
>
> THE DEFENDANT: Yes.
>
> THE COURT: All right. I'll ask your lawyer, Mr. Wood, if you believe that your client is competent at this time to make this decision?
>
> MR. WOOD: He is competent, Your Honor.
>
> THE COURT: Very well. Then, Mr. Labar, I'll make a finding that you are competent to make that decision. I will accept your plea and I'll find that you are, in fact, guilty.

After the jury was selected, the State read the indictment before the jury and Labar entered a plea of guilty. Following Labar's plea of guilty to the jury, the trial judge again asked Labar and his attorney questions concerning Labar's competency:

> THE COURT: And you are competent at this time to make that decision?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And I'll ask your lawyers if they believe that you are competent at this time to make that decision?
>
> MR. WOOD: He's legally competent, Your Honor.
>
> THE COURT: Very well. Then I will accept your plea.

Following a trial on punishment, the jury assessed a sentence of sixty years' confinement. The trial court sentenced him accordingly. Labar brought this appeal.

## II. DISCUSSION

In his first issue, Labar argues that the trial court abused its discretion by proceeding to a trial of his case without properly and timely ascertaining whether he was competent as required by Chapter 46B. *See* Tex. Code Crim. Proc. Ann. arts. 46B.084(a-1)(1), .113. In his second issue, Labar contends the trial court erred by failing to admonish him of the range of punishment for murder in violation of Article 26.13(a)(1). *See id.* art. 26.13(a)(1).

### A. COMPETENCY

Questions involving competency determinations are reviewed for an abuse of discretion. *Timmons v. State*, 510 S.W.3d 713, 718 (Tex. App.—El Paso 2016, no pet.).

5

In our review, "[w]e cannot ignore the trial court's first-hand factual assessment of appellant's mental competency." *McDaniel v. State*, 98 S.W3d 704, 713 (Tex. Crim. App. 2003). We should not substitute our judgment for that of the trial court, but rather determine whether the trial court's decision was arbitrary or unreasonable. *Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009).

Under the Due Process Clause of the Fourteenth Amendment, a trial court may not accept a criminal defendant's guilty plea unless the defendant is legally competent to make such a plea. *See Godinez v. Moran*, 509 U.S. 389, 400, 113 S. Ct. 2680, 2687 (1993). The general rule is that once a person is found to be incompetent, "he is presumed to be incompetent to stand trial until such time as it has been determined in accordance with the law that he is competent to stand trial." *Schaffer v. State*, 583 S.W.2d 627, 630 (Tex. Crim. App. [Panel Op.] 1979); *Johnson v. State*, Nos. 2-05-205-CR, 2-05-206-CR, 2006 WL 2578033, at *4 (Tex. App.—Fort Worth June 22, 2006, order) (not designated for publication), *disp. on merits*, 2006 WL 2310085, at *1 (Tex. App.—Fort Worth Aug. 10, 2006, pet. ref'd) (per curiam) (mem. op., not designated for publication). Thus, once a defendant who has been adjudged incompetent is returned to the court where his criminal case is pending, the trial court must make a determination with regard to the defendant's competency to stand trial. *See* Tex. Code Crim. Proc. Ann. art. 46B.084(a-1)(1).

On December 14, 2017, the North Texas State Hospital filed a report with the trial court finding that Labar had regained competency to stand trial. The report

6

reflects that the outpatient treatment provider found Labar to be competent to stand trial and requested that he be placed into the custody of the Sheriff of Tarrant County and transported back to Tarrant County for further proceedings on the pending matter. Labar was then returned to Tarrant County. Yet, Labar contends "there has been no 'head of a facility' requesting anything." While it is true that the head of the facility did not make the request, Article 46B.113 provides that "the head of the facility or outpatient treatment provider" may make the findings and requests required by that article. Tex. Code Crim. Proc. Ann. art. 46B.113(a), (d), (e). Article 46B.113(d) further provides that if the outpatient treatment provider has provided an opinion that the defendant is competent, then competency is presumed and continuing incompetency must be proved by a preponderance of the evidence. *Id.* art. 46B.113(d).

Upon Labar's return to Tarrant County, counsel filed his second motion for a competency examination. Dr. Norman found Labar competent to stand trial and filed his report. Dr. Norman's report reflects that both the district attorney and the defense attorney received copies of the report when it was filed with the court. Neither counsel objected to this report. On the same day the report was filed, the trial court made a docket notation reflecting the report's conclusion that Labar was competent. Thereafter, there was never any suggestion or evidence provided by Labar's counsel that he was incompetent.

7

Reports from a psychiatrist or psychiatric evaluations containing a conclusion that a specific defendant is competent are evidentiary only; they cannot function as a substitute for a judicial finding that a defendant is competent to stand trial. *Schaffer*, 583 S.W.2d at 630; *Bradford v. State*, 172 S.W.3d 1, 5 (Tex. App.—Fort Worth 2005, no pet.); *Fuller v. State*, 11 S.W.3d 393, 394 (Tex. App.—Texarkana 2000, order), *disp. on merits*, 30 S.W.3d 441 (Tex. App.—Texarkana 2000, pet. ref'd); *Byrd v. State*, 719 S.W.2d 237, 238 (Tex. App.—Dallas 1986, no pet.). But "[a] judicial determination of competency . . . may be evidenced in a judgment, order, docket-sheet entry, or any other evidence that the court made a determination of competency after the defendant's return from a state hospital." *Timmons*, 510 S.W.3d at 721; *see Schaffer*, 583 S.W.2d at 631; *Bradford*, 172 S.W.3d at 5. In this case, the April 2, 2018 docket notation reflecting the report's conclusion is not a finding by the court or a judicial determination of competency.

The report from the North Texas State Hospital triggered the trial court's duty to make a judicial determination of competency. Once that report is filed with the court, "[t]he court may make the determination based only on the most recent report filed under Article 46B.079(c), . . . and on other medical information or personal history information relating to the defendant." Tex. Code Crim. Proc. Ann. art. 46B.084(a-1)(1). The trial court's docket notation evidences its reliance on the medical professional's conclusion that Labar was competent. Further, before accepting Labar's plea of guilty to murder, the trial court questioned Labar and his

8

counsel concerning Labar's competency. Through this questioning, the trial court had the benefit of a first-hand opportunity to observe and converse with Labar. Based upon the evidentiary report, the competency evaluation, and this colloquy with Labar and his attorney, the trial court made a specific finding on the record that Labar was competent to make the decision to plead guilty. This finding is supported by a report of the outpatient treatment provider at the hospital as well as an opinion rendered by an expert who had examined Labar multiple times. Further, the finding was based on Labar's own words and the unequivocal statement of counsel that Labar was competent. The judicial finding that Labar was competent to stand trial, which the trial court made before accepting Labar's plea, was not arbitrary or unreasonable and was contained in the official reporter's record from the trial of Labar's case. Accordingly, the trial court made the judicial determination that Labar was competent prior to trial.

Labar also complains that the trial court did not conduct a competency hearing. Yet he cites no authority that a competency hearing is required. We have not been provided with "and we have not found any legal authority requiring the trial court to conduct a hearing to determine competency after a defendant has been found incompetent." *Gower v. State*, No. 03-08-00570-CR, 2010 WL 4366906, at *2 n.4 (Tex. App.—Austin Nov. 5, 2010, pet. ref'd) (mem. op., not designated for publication). We find no merit to this portion of Labar's argument.

9

Finally, Labar contends the trial court failed to make a determination of competency within the time framework provided in Article 46B.084(a-1)(1). Tex. Code Crim. Proc. Ann. art. 46B.084(a-1)(1). Both the State and Labar acknowledge that when the trial court fails to make a determination of competency prior to trial, the proper result is for the appeal to be abated and the case remanded to the trial court for a retrospective determination of competency. *See Bradford*, 172 S.W.3d at 5; *Fuller*, 11 S.W.3d at 395. We have found that the trial court did make a judicial determination of competency prior to trial. But Labar argues that since the determination was not made within the time framework of Article 46B.084(a-1)(1), this court should "remand to the trial court for an actual and timely determination of competence to stand trial." Labar has already received the relief that he is requesting. The trial court made a finding concerning his competency at the most relevant time— the time immediately preceding trial. A second retrospective finding by the court years later provides him no more relief than he has already received. *See Booker v. State*, Nos. 05-06-01184-CR, 05-06-01185-CR, 2007 WL 3227544, at *2 (Tex. App.— Dallas Nov. 2, 2007, no pet.) (mem. op., not designated for publication). We overrule Labar's first issue.

## B. FAILURE TO ADMONISH

In his second issue, Labar asserts that the court failed to admonish him regarding the punishment range for murder and therefore did not substantially comply with article 26.13. *See* Tex. Code Crim. Proc. Ann. art. 26.13. The State does not

dispute that the trial court did not admonish Labar as required. Both Labar and the State agree that this failure requires this court to conduct a harm analysis. *See* Tex. R. App. P. 44.2.

While failure of the trial court to admonish the defendant of the full range of punishment is error, it is not constitutional error. *Aguirre–Mata v. State*, 125 S.W.3d 473, 473 (Tex. Crim. App. 2003); *Torres v. State*, 59 S.W.3d 365, 367 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd). Therefore, unless the trial court's failure to admonish affected the defendant's substantial rights, this error must be disregarded. Tex. R. App. P. 44.2(b). "But if the record shows that the defendant was made aware of the range of punishment by means other than formal admonishment, the failure to admonish does not affect the defendant's substantial rights." *Gonzalez v. State*, No. 01-15-00394-CR, 2016 WL 1054713, at *2 (Tex. App.—Houston [1st Dist.] Mar. 17, 2016, pet. ref'd) (mem. op., not designated for publication).

Applying the Rule 44.2(b) analysis to this case, we consider whether Labar was aware of the punishment range for murder. In doing so, we examine the discussion of the punishment range during voir dire to determine whether an inference exists that Labar was actually aware of the range of punishment. *See id.* A discussion of the range of punishment during jury selection raises an inference the defendant knew of the full range of potential punishment when he entered his plea. *See id.*

The record reflects that both the prosecutor and Labar's counsel discussed the range of punishment with the jury panel during voir dire. The prosecutor explicitly

instructed the jury panel that the range of punishment for murder is "a minimum of five years in prison up to 99 years or life. There's a $10,000 fine that is optional." Labar's counsel followed up with the panel by asking them what the range was. A prospective juror answered: "Five to 99 or life." Labar's attorney then used that answer to explore with the panel members whether they could consider the full range of punishment. "Five to 99 or life. All right. . . . In this case, you would take the whole range; five years, six years, seven years, eight years, so on and so forth, up to 99 or life. But you got to take that five with you."

The record contains references to the correct range of punishment under circumstances that raise a reasonable inference that Labar was aware of the correct range of punishment when he pled guilty, and nothing in the record suggests that he was unaware of it. *See Davison v. State*, 405 S.W.3d 682, 688–89 (Tex. Crim. App. 2013) (explaining that in considering harm from failure to properly admonish of correct punishment range before guilty plea, court of appeals could consider lack of objection, and therefore lack of surprise, to recitation of correct punishment range after guilty plea as inference that appellant was aware of correct punishment range at time of plea). Therefore the trial court's failure to admonish Labar on the range of punishment did not affect his substantial rights and is harmless error. *See Burnett v. State*, 88 S.W.3d 633, 639–41 (Tex. Crim. App. 2002) (finding that the record contains references to correct range of punishment and there is nothing in the record that

12

showed defendant was unaware of the range of punishment); *Aguirre–Mata*, 125 S.W.3d at 476–77. We overrule Labar's second issue.

## III.  CONCLUSION

Having overruled both of Labar's issues, we affirm the trial court's judgment.


/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 31, 2022