

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00082-CR

Jesus Moises **LOPEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 381st Judicial District Court, Starr County, Texas
Trial Court No. 22-CR-127
Honorable Jose Luis Garza, Judge Presiding

Opinion by:     Lori Massey Brissette, Justice
Dissenting Opinion by: Velia J. Meza, Justice

Sitting:        Lori Massey Brissette, Justice
                Adrian A. Spears II, Justice
                Velia J. Meza, Justice

Delivered and Filed: February 11, 2026

AFFIRMED

In this appeal, Appellant Jesus Moises Lopez challenges the trial court's failure to make a judicial determination of his competency before proceeding to a jury trial and the admission of testimony of a forensic interviewer as an outcry witness. Because the record shows the trial court determined Lopez was competent and because the admission of the forensic interviewer's testimony constituted harmless error, we affirm.

**BACKGROUND**

A jury found Lopez guilty of super aggravated sexual assault for repeatedly raping his nephew, D.C.—who was younger than fourteen years old at the time—under the threat to kill him if he told anyone. *See* TEX. PENAL CODE § 22.021(a)(2)(A). The trial court then sentenced him to life in prison with the Texas Department of Criminal Justice Institutional Division and imposed a $10,000 fine. This appeal followed.

**COMPETENCY DETERMINATION**

Lopez contends the trial court erred when it failed to make a judicial determination of competency before proceeding to a jury trial. The State concedes there was no competency hearing, but it contends that the trial court made the judicial determination prior to trial as evidenced by the record. We agree.

On December 7, 2022, the trial court found defendant incompetent to stand trial. A little over eighteen months later, on July 8, 2024, the trial court signed a bench warrant, filed by the State, seeking to bring Lopez to court for a competency restoration hearing. Less than ten days later, the trial court held a brief hearing. In that hearing, the trial court indicated it was aware of the most recent report, explaining "there was the second evaluation." Counsel for Lopez agreed and added Lopez "was found to be competent." Counsel for the State agreed: "[c]ompetency was restored."

After that date, Lopez and his counsel repeatedly indicated Lopez was competent. During a December 2024 hearing, the court asked Lopez if he understood what was happening during the proceedings, and he responded "[y]es, sir." On January 27, 2025, during voir dire, the trial court again asked Lopez if he understood what was happening and whether he was able to communicate with his lawyers, and he replied "yes, sir." The court clarified it was trying to "make sure" Lopez

was competent. Lopez's counsel responded "[y]es" and that Lopez had been assisting in his own defense. The court then asked Lopez's counsel if, based on the foregoing, he believed Lopez was competent, and Lopez's counsel responded "yes," he was "coherent," "spoke well," had been "helping," and they had spent several hours with Lopez going over his case. On January 30, 2025, Lopez was convicted by a jury of three counts of super aggravated sexual assault. Each of the nunc pro tunc judgments provide: "It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument."

Once a defendant has been found to be incompetent to stand trial and committed to a mental health facility, as was Lopez, he may be returned to court if the "head of the facility" is of the opinion that he has attained competency.[1] TEX. CODE CRIM. PRO. art. 46B.079(b). Article 46B.084 sets forth the process which should be followed upon the defendant's return to the trial court. TEX. CODE CRIM. PRO. art. 46B.084. Pursuant to Article 46B.084, the trial court "shall make a determination" as to the defendant's competency to stand trial. *See* TEX. CODE CRIM. PRO. art. 46B.084(a-1)(1); *see also Cooper v. State*, 333 S.W.3d 859, 862 (Tex. App.—Fort Worth 2010, pet. ref'd) (citing cases). But, the trial court may make the determination based only on the most recent report to the court from the head of the facility, the provider of the jail-based competency restoration program, or the provider of the outpatient competency restoration program, as well as "on other medical information or personal history information relating to the defendant." TEX. CODE CRIM. PRO. art. 46B.084(a-1)(1) (emphasis added).[2] The defendant or the State may object in writing or in open court to the report. *Id.* But, a hearing is required only if an objection is made.

---

[1] A defendant is incompetent to stand trial if the defendant does not have (1) sufficient present ability to consult with his "lawyer with a reasonable degree of rational understanding" or (2) a rational and factual understanding of the proceedings against him. Tex. Code Crim. Pro. art. 46B.003.

[2] The trial court is obligated to make the determination within twenty days of receiving any report. TEX. CODE CRIM. PRO. art. 46B.084(a-1)(2). If the trial court finds the defendant competent to stand trial, criminal proceedings shall be resumed as soon as practicable after the date of the court's competency determination. *Id.*(d)(2).

TEX. CODE CRIM. PROC. art. 46B.084(b). Here, no objection was filed and no hearing was requested. Instead, both counsel agreed with the report and stated on the record that Lopez had attained competency.

Lopez contends, without citation to authority, that article 46B.084 requires the trial court to render a written finding that competency had been restored, but we find no case supporting such a requirement or construing the statute in that manner. TEX. CODE CRIM. PROC. art. 46B.084(a-1)(1). Moreover, a trial court's competency determination may be supported by a judgment, order, docket entry, or any other evidence in the record demonstrating that the court made a competency determination after the defendant's return. *See, e.g.*, *Cooper*, 333 S.W.3d at 862; *Timmons v. State*, 510 S.W.3d 713, 721 (Tex. App.—El Paso 2016, no pet.). *See generally Schaeffer v. State*, 583 S.W.2d 627, 630 (Tex. Crim. App. 1979).[3] Here, the trial court's determination was evidenced both by the trial court's statements on the record and by the written statements in the judgments.

The Court of Criminal Appeals' seminal case on this issue, *Schaeffer v. State*, is instructive. 583 S.W.2d 627. In *Schaeffer*, the Court initially reversed Schaeffer's conviction for attempted aggravated sexual abuse of a child on the ground that there was no judicial determination of appellant's competency to stand trial prior to the trial on the merits. 583 S.W.2d at 630. The court explained this result was compelled by the record: there was nothing to show the report was ever filed with the court *or* furnished or served on the parties and there was no indication of a determination in the record, such as a finding in the judgment, an order, or a docket sheet entry. The record was further devoid of any evidence the court ever determined competency after the appellant's return from the state hospital. *Id.* at 631. On rehearing, the State showed the report was

---

[3] If the competency determination is not made prior to trial, we may order the trial court to make a retrospective determination. *See, e.g.*, *Schaeffer*, 583 S.W.2d at 630–31; *Timmons*, 510 S.W.3d at 721.

indeed filed with the court and argued it was therefore "obvious" the trial court made a determination appellant was competent to stand trial. But the Court rejected the argument, explaining, the record still lacked "any judgment, order, docket sheet entry, or other evidence" the court ever made a competency determination. *Id.* at 631.

Here, the report was not filed with the court as required by Texas Code of Criminal Procedure article 46B.079(c). Nevertheless, the record clearly demonstrates the trial court and counsel had reviewed the report and neither counsel had objection to it. The trial court inquired into the parties' positions and made its judicial determination of competency based on the report's finding as well as the representations of both defense counsel and the State that Lopez's competency had been restored. The trial court went further to personally inquire about and monitor Defendant's conduct, his responses to court inquiries, and the repeated statements of his counsel, as set forth above. *Cf. Timmons*, 510 S.W.3d at 721 (same); *Cooper*, 333 S.W.3d at 862 (same). And then, unlike in *Schaeffer*, the trial court expressly set forth in its judgment its determination that Lopez was competent to stand trial. *See Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984) (providing presumption of regularity created by recitals in judgment can be overcome only when record otherwise affirmatively reflects error occurred); *Cooper*, 333 S.W.3d at 862 (mental competency expressly found in judgment); *see also Timmons*, 510 S.W.3d at 721; *cf. Schaeffer*, 583 S.W.2d at 630.

We, like the dissent, are mindful of the due process considerations necessary to protect those who are not competent to stand trial. But, we are not in a position to add requirements to the statute that the legislature did not. Although the dissent asserts that a presumption of incompetence was somehow created here, the legislature has decided how such a presumption may be overcome in the absence of a hearing. *See* TEX. CODE CRIM. PRO. art. 46B.084(b). In fact, the statute is clear

that a hearing is only required if one of the parties objects to the report finding the defendant's competency has been restored. *Id.* That means, if no party objects, then the trial court is free to determine competency based only on the report's findings and other information referred to in the statute. Finally, while the court's finding in the judgment may be boilerplate, this is not a case where it was added absent any indication in the record that the trial court addressed the defendant's competence. *See Breazeale*, 683 S.W.2d at 450.

Accordingly, based on the record before us, we overrule this issue.

### THE OUTCRY WITNESS

Lopez argues the trial court erred by admitting the testimony of the State's designated expert—a forensic interviewer—as an "outcry witness" under Texas Code of Criminal Procedure article 38.072. First, Lopez objects because the forensic interviewer was not the first adult to whom the allegations were made. Further, Lopez contends that the State sought to introduce the forensic interviewer as an outcry witness because the State missed the deadline by which to otherwise designate the witness.

During the outcry hearing Lopez's counsel objected to the selection of the forensic interviewer as the outcry witness. The State explained the first outcry witness—the child's mother who was a Mexican national—was deported, and Lopez's counsel stipulated to that as a fact. The State explained the forensic interviewer was the second outcry witness. The State argued that using the second outcry witness was consistent with Article 38.072 because the outcry witness had to be available, and it could not compel the mother's attendance given she had been deported. When the State called the forensic interviewer to testify as the outcry witness, Lopez's counsel objected, which the court overruled.

Section 2(a) of Article 38.072 creates a hearsay exception for a child-complainant's out-of-court statements describing the alleged offense if those statements "were made to the first" adult "other than the defendant." TEX. CODE CRIM. PRO. art. 38.072, §2(a-1), (b); *Bays v. State*, 396 S.W.3d 580, 585 (Tex. Crim. App. 2013); *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990) (providing same). The adult may then testify regarding the child's statements as an "outcry" witness. *See* TEX. CODE CRIM. PRO. art. 38.072, §2(a-1), (b); *Bays*, 396 S.W.3d at 585. However, as Lopez contends, the adult *must* be the first person, based on the plain language of the statute. *See* TEX. CODE CRIM. PRO. art. 38.072, §2(a-1); *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990) (stating same).

Lopez further contends the trial court abused its discretion when it allowed the State to use the designation of the "outcry witness" to avoid the impact of an untimely designation of the forensic interviewer's testimony, in violation of the Texas Code of Criminal Procedure Article 39.14. Lopez contends this violated the trial court's standing docket control and discovery orders.[4] But Lopez never objected to the disclosure on this basis. Indeed, at the outcry hearing, Lopez plainly stated he had "no objection" to the State's expert and other witness disclosures. Lopez therefore waived any complaint on this issue. *See* TEX. R. APP. P. 33.1. Further, Lopez did not move for a continuance. *See Barnes v. State*, 876 S.W.2d 316, 328 (Tex. Crim. App. 1994) ("If a witness' name is not furnished a defendant before trial despite a court order, any error in allowing that witness to testify over a claim of surprise is 'made harmless' by defendant's failure to object or move for a continuance.").[5]

---

[4] The discovery order attached to the docket control order was entered after a July 17, 2024 pretrial hearing. We therefore assume, for the sake of argument, the trial court intended to refer to the next pretrial hearing date. In any event, as the outcry witness disclosure was not made until January 2025, it would be untimely as to either date.

[5] Lopez does not challenge, in his brief, the disclosure for failure to comply with the timing requirements of article 38.072(b)(1). Even if he had, the disclosure was timely under that rule as it was provided on or before the fourteenth

Even if the trial court erred by allowing the forensic interviewer to testify as an outcry witness, we must disregard any such error unless it affected Lopez's substantial rights. *See Kou v. State*, 536 S.W.3d 535, 540 (Tex. App.—San Antonio 2017, pet. ref'd) (applying TEX. R. APP. P. 44.2(b) when declarant testified at trial (citing *Cordero v. State*, 444 S.W.3d 812, 819–20 (Tex. App.—Beaumont 2014, pet. ref'd) (same))); *Rojas-Antonio v. State*, 719 S.W.3d 422, 428 (Tex. App.—Corpus Christi–Edinburg 2025, no pet.) (stating same). In general, an erroneous admission of evidence does not constitute reversible error if the same or similar evidence is admitted without objection at a different point during the trial. *See Kou*, 536 S.W.3d at 540; *Cordero*, 444 S.W.3d 812, 820.

Here, the forensic interviewer testified D.C. told her he was raped as a child by Lopez four times before he was fourteen years of age and that Lopez told him he would kill him if he told anyone. But, notably, D.C. testified to the same at trial without objection. *See Kou*, 536 S.W.3d at 540; *Cordero*, 444 S.W.3d 812, 820. Accordingly, even if the trial court erred by allowing the forensic interviewer to testify as an outcry witness, the admission of forensic interviewer's testimony did not affect Lopez's substantial rights, and it is therefore not reversible error. *See id.*

Accordingly, we overrule this issue.

## CONCLUSION

Accordingly, the trial court's judgments nunc pro tunc are affirmed.

Lori Massey Brissette, Justice

DO NOT PUBLISH

---

day before proceedings, being provided on January 13, 2025, with the jury empaneled on January 27. *See* TEX. CODE CRIM. PRO. art. 38.072(b)(1); *Zarco v. State*, 210 S.W.3d 816, 832–33 (Tex. App.—Houston [14th Dist.] 2006, no pet.).